15351

STATE v. TURNER

(18 S. E. (2d), 376)

500

*Mr. A. H. Dagnall,* and *Mr. C. B. Earle,* both of Ander-
son, for appellants,

502

*Mr. Rufus Fant, Solicitor,* for respondent,

January 9, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

The appeal in this case presents substantially the same questions as were determined by this Court in the case *State v. Jesse J. Turner and Cecil Cleveland,* 18 S. E. (2d), 372, the opinion in which will be filed along with this opinion. The defendants were convicted of the charge of maintaining a public nuisance in keeping and operating a disorderly house in and about a place known as the Jitterbug, located on a public highway about one mile from the City of Anderson. The indictment was in two counts. A motion to quash was sustained as to the second count, and overruled as to the first, which was based upon the common law.

Appellants complain that the indictment is not clear and direct as to the offense charged; that its allegations are vague and indefinite, and that the lower Court should have granted the motion to quash because of duplicity and misjoinder, and because different penalties are annexed to some of the offenses set forth in the indictment.

There is but one offense charged, and that is correctly set forth in the indictment; consequently there is but one penalty. The acts of disorder alleged are practically the same as appear in the indictment which we quoted in *State v. Jesse J. Turner and Cecil Cleveland, supra,* except as to times and place. The only difference between the two indictments is that the present indictment contains this additional charge: "Committing larceny, receiving stolen goods, selling, bartering, exchanging and having in possession intoxicating liquors." These additional elements charged as constituting the offense of a common nuisance all come within the principles of law discussed in *State v. Jesse J. Turner and Cecil Cleveland.*

Appellants contend that it is not a nuisance to commit larceny or to receive stolen goods; that these are offenses under the laws of the State, but that one cannot be found guilty of a common nuisance by doing these things. The trial Judge correctly instructed the jury that even though the offenses of larceny and receiving stolen goods are indictable under the statute law of the State, they could become a common nuisance if habitually allowed and openly done in a place of business. The Court had previously charged the sound principle that if one maintains a place where the laws are publicly, repeatedly, persistently, and intentionally violated, then such place would become a common or public nuisance.

A common nuisance is an offense against the public order and economy of the State, by unlawfully doing any act, or by omitting to perform any duty which the common good, public decency or morals, or the public right to life, health, and use of property requires, and which at the same time annoys, injures, endangers, renders insecure or interferes with the rights of property of the whole community, or any considerable number of persons.

The appellants criticize the definition of a disorderly house given by the trial Judge in his charge to the jury on the ground that it is incomplete. The instruction given is identical with that charged in *State v. Jesse J. Turner and Cecil Cleveland,* which we found to be free from error.

It is suggested that the Court erred in charging that one conducting a dance hall may be guilty of a public nuisance, because the indictment contained no allegation with reference to a dance hall. The defendants offered no evidence, and the case does not contain either the testimony adduced by the State upon the trial, or a statement of such facts as were admitted to have been established by the testimony. In the absence of any showing to the contrary, we naturally assume that there was evidence that the place was used as a dance hall, and if so, the instruction was applicable. The record does not show that the appellants at

the time the instruction was given on this point, interposed the slightest objection. If the charge was inapplicable to any issue made by the pleadings or the evidence, it was the duty of appellants to have promptly called the attention of the Court to the inadvertence or oversight. However, it would appear from the argument of appellants that their main contention is that a dance hall does not constitute a nuisance under the common law. This contention was fully answered and disposed of in *State v. Jesse J. Turner and Cecil Cleveland, supra*.

Upon the request of the appellants the following instruction was given the jury: "It is not unlawful for one to sell beer and wine, provided the beer and wine are not over the alcoholic content as provided by our statute, and said beer and wine so sold can be drunk by patrons in the place of business of the seller, without the manager being guilty of a nuisance." It is argued that the foregoing request was a sound proposition of law, and that the Court erred in giving the following instruction in addition thereto: "That's correct up to that point. But if they permit drinking of the beer to the point of intoxication, and if those who become intoxicated do acts which are immoral or which affect the happiness, the tranquility or the peace and good order of the community, that would become a nuisance."

The appellants assert that they were duly licensed to sell beer and wine. There is no evidence in the record to support this statement, but for the sake of argument this is conceded to be true. In this connection it is contended that an act which the law authorizes or sanctions cannot be a public nuisance.

The law of this State authorizes the sale of beer and wine by persons duly licensed. But the law does not and the Legislature never has authorized such persons to make sales in a way and under such circumstances as will create a public nuisance. Should we follow appellants' argument to its ultimate conclusion we would necessarily hold that every activity or business which the State regulates or from which it receives a license tax would be immune from

resulting in a common nuisance, regardless of the manner in which such business was carried on, and regardless of the effect upon public morals and public decency.

It is true that the Legislature has declared (Act No. 198, 1939, page 302), beer and wine containing not in excess of a specified alcoholic content to be non-alcoholic and non-intoxicating beverages, but, in our opinion, it is clear from a reading of the whole act that such definition was adopted for no purpose other than to regulate and control the sale of wine and beer, and to facilitate the enforcement of the license tax imposed.

The Legislature clearly recognized that a place of business or entertainment where beer and wine are sold might become a public nuisance by adoption of an Act, Acts 1940, page 1818, No. 932, amending Section 2 of Act No. 194 of the Acts of 1935. By the amendatory Act it is provided: "That Section 2 of Act No. 194 of the Acts of 1935, entitled 'An Act to Further Define Wholesale Dealers and Retail Dealers in Beer, Ale, Porter, Wine and Other Similar Malt or Fermented Beverages Containing not More than 5% of Alcohol by Volume and to Require Permits for Each Separate Place of Business,' approved the 25th day of April, 1935, be, and the same is hereby, amended, by adding at the end of the first paragraph of said Section the following sentence, to wit: "The Tax Commission is empowered to revoke any such permit where it shall appear to the satisfaction of the Commission that immoral conditions or practices exist or conditions which tend to create or encourage immoral conditions or practices are permitted in the place of business covered by such permit. * * * Provided, that it shall be unlawful for any person, firm, or corporation to sell beer, ale, porter, wine, or any other similar malt or fermented beverage to minors under the age of eighteen (18) years'."

The Court charged the jury, as requested by the appellants: "When persons of ill fame come together at a place, this is not a nuisance unless such persons do unlawful acts,"

but added: "or they do lawful acts in such a way as to affect the health, happiness or peace of the community."

Appellants object to the addition, and argue that inasmuch as public nuisances always arise out of unlawful acts, that which is lawful cannot be regarded, in a legal sense, as a public nuisance. There is no merit in this contention.

In various portions of the charge, the Court instructed the jury that certain acts are not in themselves unlawful. For instance, the drinking of wine and beer; music, dancing, and the like. The Court was entirely correct in explaining to the jury that if the acts, lawful or unlawful, were done in such a way as to affect the health, happiness or peace of the community, then they would amount to a nuisance.

A motion for a new trial was made upon the same grounds as are considered herein, and was properly overruled.

All other questions raised in this appeal are governed by the opinion in the case of *State v. Jesse J. Turner and Cecil Cleveland,* filed along with this opinion.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.