16583

STATE v. RACKLEY
(68 S. E. (2d) 873)

*Messrs. J. G. Leatherwood and J. Wiley Brown,* of Greenville, *for Appellant,* cite:

*Mr. Hubert E. Nolan, County Solicitor,* of Greenville, *for Respondent.*

January 29, 1952.

G. BADGER BAKER, Acting Associate Justice.

The appellant, Ben Rackley, at the April, 1951, term of the Greenville County Criminal Court, following his plea

of not guilty, entered into trial on an indictment charging the operation of a public nuisance. The testimony is not reported in the Transcript, there being no necessity therefor, and the history of the trial is contained in the following two paragraphs copied from the appellate record:

"A Jury was sworn and the case proceeded to trial during which testimony was offered in support of the allegations of the indictment, a part of said testimony being to the effect that the defendant had sold beer to persons who were obviously in a state of intoxication.

"After having been given instructions by the Presiding Judge of the County Court, the jury returned a verdict of guilty and said defendant was sentenced by the Trial Judge."

The appellant's only exception is to the instructions of the trial Judge to the jury, who in his charge, fully, completely and accurately explained or defined a public nuisance. He then in language approved by this Court in the case of *State v. Turner*, 198 S. C. 487, 18 S. E. (2d) 372, 375, instructed the jury that "Although the defendants may have a license for the sale of wine and beer, and the drinking of it on the premises violates no statutory law, they have no right to habitually allow the assembling in and around the Circle Bar of noisy, drunken, boisterous crowds, whose noise and profanity disturb the peace and quiet of the public coming within the range of its influence. One who knowingly suffers or permits such conduct commits a public nuisance." Following this instruction, Judge McGowan then stated to the jury as quoted:

"While one may have the right to lawfully sell beer, but if he permits the drinking of the beer to the point of intoxication, and if those who become intoxicated on his premises do acts which are immoral in and about the premises which affect the happiness, the tranquility or the peace and good order of the community, that would constitute a public nuisance.

"It would also constitute a public nuisance for one to sell beer to a person if he is obviously in a state of intoxication—already intoxicated."

It is the last quoted paragraph to which the defendant excepts, creating the question as to whether the sale of beer to a person already obviously intoxicated, would constitute a public nuisance.

It will be noted that Judge McGowan had already instructed the jury that the sale and drinking of beer on the premises violates no statutory law, provided the seller has a license, but if those who become intoxicated on the premises commit acts which are immoral or whose noise and profanity disturb the peace and quiet of the public coming within the range of its influence, or which affect the happiness, the tranquility or the peace and good order of the community, then there is the maintenance of a public nuisance, if such acts are knowingly permitted. The questioned instruction to the jury, unfortunately, omits to include the further element of the maintenance of a public nuisance, to wit, disturbance of the health, happiness, the tranquility or the peace and good order of the community, and in our opinion constitutes reversible error. The fact that the trial Judge had previously correctly charged the jury on the issue does not cure the error, especially in view of the fact that this last instruction concluded his charge upon the law relating to a public nuisance. It is easily conceivable that the complained of instruction would be confusing if the jury retained all that was said or the jury could have received the impression that a sale of beer to one in a state of obvious intoxication in itself constitutes a public nuisance. There must be such additional circumstances as will create the nuisance. In the case of *State v. Turner,* 198 S. C. 499, 18 S. E. (2d) 376, 379, a companion case to *State v. Turner, supra,* this Court says: "The law of this State authorizes the sale of beer and wine by persons duly licensed. But the law does not and the Legislature never has author-

ized such persons to make sales in a way and under such circumstances as will create a public nuisance."

At the conclusion of the opinion in the cited case, is this paragraph: "In various portions of the charge, the Court instructed the jury that certain acts are not in themselves unlawful. For instance, the drinking of wine and beer; music, dancing, and the like. The Court was entirely correct in explaining to the jury that if the acts, lawful or unlawful, were done in such a way as to affect the health, happiness or peace of the community, then they would amount to a nuisance."

While this particular point is not in issue, it should be observed that the sale of beer by a licensed dealer to an intoxicated person is in violation of statute, although that illegal act alone does not create a public nuisance of the dealer's place of business, *South Carolina Tax Commission v. McLain*, 218 S. C. 285, 62 S. E. (2d) 505.

The defendant's exception is meritorious and sustained, and the case is remanded to the Greenville County Criminal Court for a new trial.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.