523 S.E.2d 462

**Edward H. SEABROOK, Jr. and Folly North Partners, LLC, Respondents,**

v.

**CITY OF FOLLY BEACH, a municipal corporation, Robert Linville, Fred Holland, Jane Theiling, Gered Lennon, Wallace Benson, Vernon Knox, and Allen Boyd, in their official capacities as the Mayor and as members of the City Council of the City of Folly Beach, Appellants.**

**No. 25018.**

Supreme Court of South Carolina.

Heard Sept. 22, 1999.

Decided Nov. 22, 1999.

James E. Reeves and Wendy J. Keefer, both of Barnwell, Whaley, Patterson & Helms, of Charleston; and Otis B. Peeples, Jr., of Peeples & Stringer, of Charleston, for appellants.

William B. Regan and Frances Cantwell, both of Regan & Cantwell, of Charleston, for respondents.

BURNETT, Justice:

This dispute arose over the City of Folly Beach's decision to impose conditions upon the approval of Respondents' subdivision plat. The circuit court granted Respondents' motion for summary judgment. We vacate in part and dismiss this appeal as moot.

## FACTUAL/PROCEDURAL BACKGROUND

Respondents are the owner and contract purchaser, respectively, of a pristine undeveloped tract of land located on the easternmost end of Folly Beach (Seabrook tract). Appellants are the City of Folly Beach, the mayor, and members of city council (collectively, "Folly Beach" or "city council"). Respondents applied to subdivide the Seabrook tract into nine parcels for residential development. Respondents complied with all the specific engineering criteria of the Folly Beach ordinance

for subdivision plats, a fact admitted by Folly Beach. The planning and zoning board recommended approval of the application, and forwarded the application to the city council, as required by city ordinance.

Folly Beach had before it competent (though admittedly "unofficial" and not disinterested) evidence of severe erosion on the Seabrook tract. Current erosion was estimated at 9.6 feet per year, and seven of the nine proposed lots fronted the erosion zone. Folly Beach preliminarily approved the plat, but imposed three conditions:

(1) When erosion proceeds to the point where man made improvements, including any habitable structures, are within ten (10) feet of the active beach, those improvements must be removed by the owner;

(2) The critical line (i.e., the landward edge of the beach) must be reestablished on the property and then redrawn on the subdivision plat prior to final approval; and

(3) Any current or future property owner must be made aware of the erosion rate of ten (10) feet per year and each of these conditions.

The issue before the lower court was whether Folly Beach had the authority to impose conditions upon the development of the land. The circuit court held that it did not, finding the actions of Folly Beach were arbitrary and capricious, deprived Respondents of due process of law, and amounted to a taking without just compensation under both the United States and the South Carolina Constitutions.

Thereafter, Folly Beach voluntarily removed the conditions and granted approval of the plat. In response, the court modified its order to reflect that only a temporary taking had occurred. Folly Beach appealed. On appeal, Respondents abandoned their temporary taking claim, conceding there is insufficient factual evidence of value in the record for the trial court to have found the actions of Folly Beach deprived Respondents of all economically viable use of their land.

### LAW/ANALYSIS

"A case becomes moot when judgment, if rendered, will have no practical effect upon existing controversy." *Mathis v. South Carolina State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973). "A court may take jurisdic-

tion, despite mootness, if the issue raised is capable of repetition, yet evading review." *Charleston County Sch. Dist. v. Charleston County Election Comm'n,* 336 S.C. 174, 519 S.E.2d 567 (1999) (internal quotations and citations omitted).

We conclude this appeal is moot. Folly Beach voluntarily removed the conditions and approved Respondents' plat and Respondents have abandoned their taking claim. Accordingly, a ruling on the pending issues will have no practical effect on the parties to this appeal. Moreover, while the factual scenario presented by this appeal is certainly capable of repetition, it does not evade review, and would have been clearly reviewable had Folly Beach not voluntarily removed the conditions and Respondents abandoned their taking claim.

## CONCLUSION

The questions raised in this case have been resolved by the issuance of the development permit and the abandonment of Respondents' taking claim. We therefore vacate that part of the circuit court's order finding a temporary taking occurred and dismiss this appeal as moot.

FINNEY, C.J., TOAL and MOORE, JJ., concur.

WALLER, J., not participating.