THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 State of South Carolina on the relation of J. Gregory Hembree,
 Solicitor of the Fifteenth Judicial Circuit, Respondent,
 
 

v.

 
 
 
 
 Pearlie Mae Sherald, Henry D. Sherald, Seneca T. Sherald d/b/a
 Club Rainbow, Pearl's Place, and John Doe, representing unidentified
 employees, affiliates, lessors, and sublessors of Club Rainbow, and Pearl's
 Place, Appellants.
 
 

Appeal From Horry County
J. Stanton Cross, Jr., Master-in-Equity

Unpublished Opinion No. 2010-UP-448
 Heard October 6, 2010  Filed October
19, 2010

AFFIRMED

 
 
 
 Howard
 S. Sheftman and William R. Padget, of Columbia, for Appellants.
 Michael
 W. Battle, of Conway, for Respondent.
 
 
 

PER CURIAM:  This appeal arises from an order of the
 master-in-equity permanently enjoining Appellants Pearl Mae Sherald, Henry D. Sherald,
 Seneca T. Sherald, and their employees, affiliates, lessors, and sublessors (Appellants)
 from keeping or maintaining a public nuisance on their property.  On appeal,
 Appellants argue the master erred in: (1) refusing to dismiss the action as
 moot where the property had been closed by court order for the maximum time
 prescribed by law for closure under section 15-43-10 of the South Carolina Code
 (2005); (2) refusing to dismiss the action where the State failed to have the
 matter heard on the merits after the first term of court as required by section
 15-43-40 of the South Carolina Code (2005); (3) concluding the property
 constituted a nuisance where there was no evidence that the Appellants had
 knowledge of, or participated in, the alleged nuisance; (4) issuing a permanent
 injunction against Appellants based on the criminal acts of third parties; and
 (5) considering evidence of alleged nuisance activities occurring more than two
 years prior to the initiation of the instant action where such evidence is
 barred from consideration by the applicable statute of limitations set forth in
 section 15-3-550 of the South Carolina Code (2005).  Appellants further
 maintain the issuance of the permanent injunction served to deprive Appellants
 of their right to a jury trial and their fundamental right to due process.  After
 a thorough review of the record, we find the evidence supports the master's
 decision to issue the permanent injunction.  Specifically, the evidence in the
 record demonstrates that the manner in which the property was used falls within
 the ambit of section 15-43-10(A).  Accordingly, we affirm the order of the master-in-equity
 pursuant to Rule 220(b), SCACR, and the following authorities:
1. As to mootness, the
 relief sought by the State was a permanent injunction under section 15-43-20 of
 the South Carolina Code (2005), and although the closure was ordered by a
 temporary injunction, the nuisance issue was still pending a final hearing on
 the merits; thus, the matter was not moot.  See S.C. Code Ann. § 15-43-20 (2005)
 (providing the State may maintain an action to "enjoin perpetually such
 nuisance"); Seabrook
 v. City of Folly Beach, 337 S.C. 304, 306, 523 S.E.2d 462, 463 (1999)
 ("A case becomes moot when judgment, if rendered, will have no practical effect
 upon [an] existing controversy.").
2. As
 to dismissal for failure to have the matter heard on the merits after the first
 term of court as required by section 15-43-40, we find appellants construction
 of 15-43-40 too strict.  Section 15-43-40 merely states "[t]he action,
 when brought, shall be triable at the first term of court after due and
 timely service of the notice has been given."  S.C. Code Ann. § 15-43-40
 (2005) (emphasis added); see Black's Law Dictionary (8th ed. 2004)
 (defining triable as subject or liable to judicial examination and trial).
3. 
 As to whether the property constituted a nuisance:  S.C. Code Ann. § 15-43-10(A)
 (2005) ("A person who erects, establishes, continues, maintains, uses,
 owns, occupies, leases, or releases any building or other place used for the
 purposes of . . . prostitution, repeated acts of unlawful possession or sale of
 controlled substances . . . in this State is guilty of a nuisance."); Shaw
 v. Coleman, 373 S.C. 485, 493, 645 S.E.2d 252, 256 (Ct. App. 2007) ("Where
 the terms of the statute are clear, the court must apply those terms according
 to their literal meaning, without resort to subtle or forced construction to
 limit or expand the statute's operation."); State v. Turner, 198 S.C. 499, 505,
 18 S.E.2d 376, 378 (1942) (recognizing as a sound principle the court's
 charge that "if
 one maintains a place where the laws are publicly, repeatedly, persistently,
 and intentionally violated, then such place would become a common or public
 nuisance.").
4. As to the issuance of the permanent injunction:  S.C. Code Ann. § 15-43-20
 (2005) ("Whenever a nuisance is kept, maintained or exists, as defined in
 this chapter, the Attorney General, the solicitor of the judicial district in
 which such nuisance is kept or any citizen of the State may maintain an action
 in equity in the name of the State . . . to enjoin perpetually such nuisance,
 the person conducting or maintaining the nuisance and the owner or agent of the
 building or ground upon which the nuisance exists."); State v. Turner,
 198 S.C. 487, 497, 18 S.E.2d 372, 375 (1942) (noting a business
 "may become a nuisance by the manner in which it is conducted, and by the
 conduct of the persons assembling in and around it").[1]
AFFIRMED.
WILLIAMS
 and PIEPER, JJ., and GOOLSBY, A.J., concur.

[1] Because the
 master's order failed to address the remaining issues on appeal and Appellants
 did not move pursuant to Rule 59(e), SCRCP, to alter or amend the master's
 order, we need not reach these issues.  See Wachovia Bank, N.A. v. Coffey,
 389 S.C. 68, 698 S.E.2d 244, 247 n. 1 (Ct. App. 2010) (holding issue not
 preserved where master-in-equity did not address the issue and appellant failed
 to file a motion to alter or amend pursuant to Rule 59(e), SCRCP).