**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

M. Baron Stanton, Appellant,

v.

Town of Pawleys Island, Respondent.

and

Franklin D. Beattie, as trustee of The Franklin D. Beattie Preservation Trust, Appellant,

v.

Town of Pawleys Island, Respondent.

and

Sunset Lodge, LLC, Appellant,

v.

Town of Pawleys Island, Respondent.

Appellate Case No. 2021-000757

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2023-UP-055
Submitted January 31, 2023 – Filed February 8, 2023

**AFFIRMED**

M. Baron Stanton, of Stanton Law Offices, P.A., of Columbia, for Appellants.

Norwood David DuRant, Sr. and Norwood David DuRant, Jr., both of Law Offices of N. David DuRant & Assoc., of Surfside Beach; and William Clayton Dillard, Jr., of Belser & Belser, PA, of Columbia, all for Respondent.

**PER CURIAM:** M. Baron Stanton, Franklin D. Beattie, as trustee of the Franklin D. Beattie Preservation Trust, and Sunset Lodge, LLC (collectively, Landowners) appeal the circuit court's dismissal of their condemnation challenge actions as moot following the Town of Pawleys Island's (the Town's) abandonment of it notices of condemnation. On appeal, Landowners argue (1) the Town's notices of abandonment were invalid, and if they were valid, they must be treated as permanently barring future condemnation attempts; (2) their challenge actions were not moot; (3) their causes of action remained viable notwithstanding the Town's abandonment of the condemnation notices because they sought prospective or present relief; and (4) the circuit court abused its discretion in curtailing discovery against the Town by dismissing their challenge actions. We affirm.

1. We hold the Town's abandonment of the condemnation notices was valid because the Town had not taken possession of or made material alterations to the condemned properties and therefore did not need Landowners' permission to abandon the condemnation actions. *See* S.C. Code Ann. § 28-2-230(B) (2007) ("The condemnor may not abandon the condemnation action after taking possession if material alterations have been made in the property, except with consent of the landowner."); *Jennings v. Sawyer*, 182 S.C. 427, 438, 189 S.E. 746, 751 (1937) ("[I]n the absence of statutory authority, the condemnor may abandon the property condemned at any time before taking actual possession and entering thereupon."), *overruled on other grounds by McCall by Andrews v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985).

2.  We hold the challenge actions are moot because the Town abandoned the condemnation notices Landowners sought to quash in their challenge actions.  *See Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("Generally, [the appellate c]ourt only considers cases presenting a justiciable controversy."); *id.* at 26, 630 S.E.2d at 477 ("A moot case exists whe[n] a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court.").  Further, while the Town's filing of the condemnation notices is capable of repetition, it does not evade review.  *See Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001) ("[A]n appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review."); *Sloan*, 369 S.C. at 27, 630 S.E.2d at 478 (stating "the action must be one [that] will truly evade review" for the mootness exception to apply); *Seabrook v. City of Folly Beach*, 337 S.C. 304, 306-07, 523 S.E.2d 462, 463 (1999) (holding that the case became moot when the City of Folly Beach voluntarily removed conditions it imposed and granted approval of the plat and the property owner and developer abandoned their taking claim and explaining that "while the factual scenario presented by this appeal [was] certainly capable of repetition, it [did] not evade review").

3.  We hold Landowners' claims for prospective relief are not ripe for judicial review.  *See Colleton Cnty. Taxpayers Ass'n v. Sch. Dist. of Colleton Cnty.*, 371 S.C. 224, 242, 638 S.E.2d 685, 694 (2006) ("As our jurisprudence instructs, an issue that is contingent, hypothetical, or abstract is not ripe for judicial review."); *id.* ("[A] justiciable controversy is a real and substantial controversy [that] is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute." (quoting *Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 227, 467 S.E.2d 913, 917-18 (1996); *Thrifty Rent-A-Car Sys., Inc. v. Thrifty Auto Sales of Charleston, Inc.*, 849 F. Supp. 1083, 1085-86 (D.S.C.1991) ("The ripeness doctrine dictates that a . . . court should not decide a controversy grounded in uncertain and contingent events that may not occur as anticipated or may not occur at all.").

4.  Because we hold the circuit court correctly dismissed the Landowners' challenge actions, we hold the circuit court did not err in finding discovery was not necessary.

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., VINSON, J., and LOCKEMY, A.J., concur.**