609 S.E.2d 301

CITY OF CHARLESTON, a Municipal Corporation, Robert B. Kizer, and Laura Cabiness, Appellants/Respondents,

v.

Thomas J. MASI, Margaret B. Schwochow, John L. Chisolm, Carolyn L. Collins, and June D. Smith, in their capacities as The Charleston County Election Commission, Gertrude D. Brown, Flora P. Condon, Louise M. Hill, Alice K. Mitchell, and Beverly A. Whitney, in their capacities as The Board of Elections and Voter Registration of Charleston County, Respondents,

and

The James Island Public Service District, Respondent/Appellant.

No. 25941.

Supreme Court of South Carolina.

Heard Jan. 4, 2005.

Decided Feb. 14, 2005.

506

Susan Jeanne Herdina, of Charleston; Timothy A. Domin, of Clawson & Staubes, L.L.C., of Charleston; William B. Regan and Frances I. Cantwell, of Regan and Cantwell, L.L.C., of Charleston, for appellants/respondents.

Samuel W. Howell, IV, of Howell & Linkous, L.L.C., of Charleston, for respondents.

Trent M. Kernodle, David A. Root, Christine C. Varnado, and Robert B. Varnado, of Kernodle, Taylor & Root, of Charleston, for respondent/appellant.

PER CURIAM:

We dismiss this action as moot and find the trial court did not err by failing to award attorney's fees to the James Island Public Service District (District).

## FACTS

In June 2002, the Town of James Island (Town) was formed. Thereafter, an action was commenced by the City of Charleston (City), a resident and elector of the City who lives on James Island (Kizer), and a taxpayer and elector of the Town (Cabiness) (jointly referred to as City unless otherwise noted). The complaint sought injunctive relief and declaratory relief as to who, after the incorporation of the Town, was entitled to vote in the District elections and to serve as District commissioners. The complaint alleged that as a function of the incorporation of the Town, which overlapped certain areas in the District, the territorial boundaries of the District were reduced such that Town residents should be prohibited from participating in District elections.

A general election for District commissioners was scheduled for November 5, 2002. The City's motion for a preliminary injunction to stay the November election was denied after a hearing. This matter was heard on the merits and the circuit court issued an order declining to decide the issues raised by

the City. The circuit court also denied the District's motion for attorney's fees. Both the City and the District appealed.

Subsequent to the filing of this appeal, this Court found the Town of James Island to be a nullity because it had been created by unconstitutional special legislation. *Kizer v. Clark,* 360 S.C. 86, 600 S.E.2d 529 (2004).

## ISSUES

I.  Is the City's action moot?

II.  Did the trial court err by failing to award the District attorney's fees?

## DISCUSSION

### I

We find the District correctly argues that this case regarding the Town residents' entitlement to vote in the District elections and the entitlement to serve as a District commissioner is moot given that the Town is a nullity. Our opinion in *Kizer v. Clark, supra,* rendered the case nonjusticiable because a judgment, if rendered, would not have any practical legal effect given the Town was deemed nonexistent. *See Curtis v. State,* 345 S.C. 557, 549 S.E.2d 591 (2001), *cert. denied,* 535 U.S. 926, 122 S.Ct. 1295, 152 L.Ed.2d 208 (2002) (case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy); *Waters v. South Carolina Land Resources Conservation Comm'n,* 321 S.C. 219, 467 S.E.2d 913 (1996) (justiciable controversy is real and substantial controversy appropriate for judicial determination, as opposed to dispute or difference of contingent, hypothetical or abstract character).

The City argues, however, that the Court should decide the issues involved because they are capable of repetition yet evade review and because the issues involve matters of important public interest. We find neither exception is met in this case.

Regarding the exception that a court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review, we find that while the questions

involved could arise again, the questions will not "usually become moot" before they can be reviewed. *See South Carolina Dep't of Mental Health v. State*, 301 S.C. 75, 390 S.E.2d 185 (1990) (although specific case is moot, appeal allowed because raises question that is capable of repetition, but which usually becomes moot before it can be reviewed). Further, the issues involved do not appear to present a "recurring dilemma" which the Court needs to address to clarify the law. *See Evans v. South Carolina Dep't of Social Servs.*, 303 S.C. 108, 399 S.E.2d 156 (1990) (although development renders case moot, controversy presents a recurring dilemma which the Court will address to clarify the law).

■ The other exception the City argues is that questions of public interest originally encompassed in an action should be decided for future guidance, however abstract or moot they may have become in the immediate contest. *Ashmore v. Greater Greenville Sewer Dist.*, 211 S.C. 77, 44 S.E.2d 88 (1947); *Berry v. Zahler*, 220 S.C. 86, 66 S.E.2d 459 (1951) (same). However, pursuant to our opinion in *Sloan v. Greenville County*, 361 S.C. 568, 606 S.E.2d 464 (2004), we find this case does not fit within the public importance exception to mootness because there is no imperative or manifest urgency in obtaining a decision on whether Town residents can vote in the District's election when the Town does not exist. Further, while ensuring voters are not improperly denied their right to vote in a particular election is important, the fact remains that the pertinent issue does not present a recurring dilemma such that this issue should be addressed to clarify the law. *Compare Sloan v. Greenville County*, 356 S.C. 531, 590 S.E.2d 338 (Ct.App.2003) (important public interest exists in stewardship of public funds and strong need exists to provide guidance for future procurement decisions) *and Sloan v. Sch. Dist. of Greenville County*, 342 S.C. 515, 537 S.E.2d 299 (Ct.App.2000) (same) *with Sasser v. South Carolina Democratic Party*, 277 S.C. 67, 282 S.E.2d 602 (1981) (appeal from circuit court order sustaining demurrers to petition to nullify results of primary election for political party's nomination to State House of Representatives was rendered moot, where general election had already occurred).

Accordingly, this case is dismissed as moot.

## II

█ Following the circuit court's order finding there were no rights to declare in the declaratory judgment action, the District moved for attorney's fees pursuant to S.C.Code Ann. § 15–77–300 (Supp.2003). Section 15–77–300 provides:

In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust. . . .

The circuit court found the District was not entitled to attorney's fees because the District was not a "prevailing party" and the City had a substantial justification in bringing the action.

█ There are three prerequisites that must be established prior to the recovery of attorney's fees and costs by a party contesting state action. *Heath v. County of Aiken*, 302 S.C. 178, 394 S.E.2d 709 (1990). First, the contesting party must be the "prevailing party;" second, the court must find that the agency acted without substantial justification in pressing its claim against the party; and third, the court must find that there are no special circumstances that would make an award of attorney's fees unjust. *Id.*

The District is not a prevailing party because its degree of success is nonexistent given that the circuit court did not specifically find for either party and because this case is being dismissed as moot. *See Heath v. County of Aiken, supra* (court determines prevailing party by evaluating degree of success obtained). Therefore, the circuit court did not err by denying the District's motion for attorney's fees. *See Heath v. County of Aiken, supra* (award of attorney's fees will not be

disturbed absent abuse of discretion). Accordingly, the decision of the trial court is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.