631 S.E.2d 544

**W.J. "Joey" DOUAN, Appellant,**

**v.**

**CHARLESTON COUNTY COUNCIL and Charleston County Election Commission, Defendants,**

**Of whom Charleston County Council is the, Respondent.**

**No. 4112.**

Court of Appeals of South Carolina.

Heard April 6, 2006.

Decided May 22, 2006.

Rehearing Denied July 5, 2006.

See also, 357 S.C. 601, 594 S.E.2d 261

Thomas R. Goldstein, of Charleston, for Appellant.

Joseph Dawson, III, Bernard E. Ferrara, Jr. and Cantrell M. Frayer, all of North Charleston, for Respondent.

KITTREDGE, J.:

W.J. "Joey" Douan appeals from the circuit court's order granting Charleston County Council's (the Council) Rule 12(b)(6), SCRCP, motion to dismiss. The circuit court held Douan cannot recover attorney's fees under section 15–77–300

of the South Carolina Code (Supp.2005) because his action against the Council is moot. We hold the circuit court erred in dismissing Douan's attorney's fee claim based on the doctrine of mootness. We reverse and remand.

## I.

"A ruling on a 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint and the motion cannot be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case." *Toussaint v. Ham*, 292 S.C. 415, 416, 357 S.E.2d 8, 9 (1987). "The question is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.*

## II.

In 1995, the General Assembly enacted section 4–37–10 of the South Carolina Code (Supp.2005). Section 4–37–10 authorizes a county to establish a transportation authority to oversee transportation-related projects funded through sales and use taxes or tolls. S.C.Code Ann. §§ 4–37–10 & –30 (Supp.2005). If a county chooses to impose a sales and use tax, the county must enact an ordinance, and the ordinance must be accepted by the county citizenry through a referendum. S.C.Code Ann. § 4–37–30(A). The question posed on the referendum ballot must substantially adhere to the model question set forth in section 4–37–30(A)(3). If a majority of qualified electors answer the question in the affirmative, the sales and use tax is imposed. S.C.Code Ann. § 4–37–30(A)(4).

The underlying dispute in this case arose from the Council's enactment of an ordinance imposing a one-half percent sales and use tax to fund transportation-related projects within Charleston County. To effectuate the ordinance, the Council planned to hold a referendum on November 5, 2002. On October 7, Douan brought an action against the Council alleging the proposed ordinance exceeded the scope of section 4–37–30, which requires the ordinance be transportation-related. Douan further alleged the proposed referendum question violated section 4–37–30(A)(3), which provides the form the

question presented to the voters must take. He sought a declaratory judgment, a writ of mandamus, and injunctive relief. Douan further sought attorney's fees under section 15–77–300, which allows the "prevailing party" of a "civil action" against a State political subdivision to recover attorney's fees.

On October 24, the circuit court denied Douan's requests for a writ of mandamus and injunctive relief. The court also declined to determine the legitimacy of the proposed referendum question, finding the issue rested in the supreme court's exclusive jurisdiction. Douan followed the lead of the circuit court and petitioned the supreme court. The supreme court, however, denied his petition, rejecting the view of the circuit court that the supreme court had exclusive jurisdiction over questions prepared by the Council. The exclusive jurisdiction of the supreme court is limited to questions prepared by the Ballot Commission. On November 1, Douan filed a motion for reconsideration, which the circuit court summarily denied.

On November 5, the referendum took place, and the proposed sales and use tax passed. The next day, Douan challenged the referendum through the administrative process provided by statutory election law. S.C.Code Ann. § 7–17–10 to –340 (1976 & Supp.2005). Douan filed an election protest with the Charleston County Election Commission (the Commission) advancing the same grounds set forth in his civil action. The Commission rejected the election protest, and Douan appealed to the State Election Commission (the State Commission). The State Commission deadlocked, thus affirming the Commission's decision.

Douan appealed to the South Carolina Supreme Court, which ruled in his favor. *Douan v. Charleston County Council,* 357 S.C. 601, 612–13, 594 S.E.2d 261, 266–67 (2003). The supreme court voided the referendum results.

In the wake of the supreme court opinion, the previously filed civil action was called for trial in the Charleston County court of common pleas. Douan moved the circuit court for summary judgment on the issue of attorney's fees under section 15–7–300. The Council moved to dismiss the civil action on the ground of mootness pursuant to Rule 12(b)(6). The circuit court denied Douan's motion, and granted the Council's motion to dismiss, holding that the supreme court opinion ended the case in Douan's favor, rendering the claim

for attorney's fees under section 15–77–300 moot. Douan appealed.

## III.

■ . Douan argues the circuit court erred in finding he was not entitled to attorney's fees under section 15–77–300 of the South Carolina Code because his civil action was moot. We agree with Douan and hold that his claim for attorney's fees under section 15–77–300 should not have been dismissed based on the doctrine of mootness.

Section 15–77–300   provides:

In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

■ The statute clearly provides that certain elements must be met to recover attorney's fees: (1) the party seeking attorney's fees must be the prevailing party; (2) the unsuccessful agency must have acted without substantial justification in pressing the claim against the party; and (3) there must not be special circumstances that would make an award of attorney's fees unjust. *City of Charleston v. Masi*, 362 S.C. 505, 510, 609 S.E.2d 301, 304 (2005). A "prevailing party" is a party who successfully prosecutes the action by prevailing on the main issue and "in whose favor the decision or verdict is rendered and judgment entered." *Heath v. County of Aiken*, 302 S.C. 178, 182–83, 394 S.E.2d 709, 711 (1990) (citing *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964)). The key factor in determining whether a party is a prevailing party is the degree of success obtained by the party seeking attorney's fees. *Id.* at 183, 394 S.E.2d 709, 394 S.E.2d at 711. Additionally, "a party need not be successful as to all issues in order to be found to be a prevailing party." *Id.* at 182, 394 S.E.2d at 711; *Seckinger v. The Vessel, Excalibur*, 326 S.C. 382, 388, 483 S.E.2d 775, 778 (Ct.App.1997).

"A matter becomes moot 'when judgment, if rendered, will have no practical legal effect upon [the] existing controversy. This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief.' " *Collins Music Co., Inc. v. IGT,* 365 S.C. 544, 549, 619 S.E.2d 1, 3 (Ct.App.2005) (quoting *Curtis v. State,* 345 S.C. 557, 567–68, 549 S.E.2d 591, 596 (2001) (alterations in original)).[1]

In our view, dismissal of Douan's claim for attorney's fees, based on the doctrine of mootness, was improper. The Council contended at oral argument that Douan's claim for attorney's fees is essentially premature since the underlying merits of the civil action have yet to be adjudicated, a view at odds with the doctrine of mootness. Indeed, Douan's request for attorney's fees may be addressed only after the underlying merits have been adjudicated.

Although Douan prevailed in the related administrative proceeding, we make no finding as to the preclusive effect of the supreme court opinion in this action. We further make no finding as to Douan's entitlement to an award of attorney's fees under section 15–77–300. We simply hold that Douan's claim is not moot, and he is entitled to pursue his claim for relief in the civil action, specifically the request for attorney's fees.[2]

## IV.

The order of the circuit court dismissing as moot Douan's claim for attorney's fees under section 15–77–300 is

**REVERSED AND REMANDED.**

HEARN, C.J., and ANDERSON, J., concur.

---

1. In civil cases, there are three exceptions to the mootness doctrine: (1) an appellate court can retain jurisdiction if the issue is capable of repetition yet evading review; (2) an appellate court can decide cases of urgency to establish a rule for future conduct in matters of important public interest; and (3) if the decision by the trial court can affect future events or have collateral consequences to the parties, the appellate court can take jurisdiction. *Collins Music,* 365 S.C. at 549, 619 S.E.2d at 3. In this appeal, we do not reach an exception to the mootness doctrine, for Douan's claim for attorney's fees is not moot.

2. Counsel for Douan stipulated at oral argument that the claim for attorney's fees is limited to the civil action.