645 S.E.2d 241

W.J. "Joey" DOUAN, Respondent,

v.

CHARLESTON COUNTY COUNCIL and Charleston
County Election Commission, Defendants,

of whom CHARLESTON COUNTY COUNCIL is the, Petitioner.

No. 26326.

Supreme Court of South Carolina.

Submitted May 1, 2007.

Decided May 7, 2007.

Joseph Dawson, III, Bernard E. Ferrara, Jr., and Cantrell M. Frayer, of the Charleston County Attorney's Office, of North Charleston, for Petitioner.

Thomas R. Goldstein, of Belk, Cobb, Infinger & Goldstein, of Charleston, for Respondent.

PER CURIAM.

Petitioner filed a petition for a writ of certiorari asking this Court to review the Court of Appeals' opinion in *Douan v. Charleston County Council*, 369 S.C. 271, 631 S.E.2d 544 (Ct.App.2006). We grant the petition, dispense with further briefing, and reverse the Court of Appeals.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent (Douan) brought this action against petitioner Charleston County Council (Council) alleging a proposed ordinance and subsequent referendum violated statutory election law. Following this Court's decision in the related case of *Douan v. Charleston County Council Election Com'n*, 357 S.C. 601, 594 S.E.2d 261 (2003), the circuit court judge dismissed the pending action as moot and denied Douan's request for attorney's fees. On appeal, the Court of Appeals reversed and remanded, holding Douan's claim for attorney's fees was not moot.

## ISSUE

Did the Court of Appeals err in holding Douan's request for attorney's fees was not moot?

## DISCUSSION

Council contends the Court of Appeals erred in reversing the circuit court judge's denial of attorney's fees.

[1, 2] S.C.Code Ann. § 15–77–300 (1985) provides:

In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

. . .

A prevailing party is a party who successfully prosecutes the action by prevailing on the main issue and "in whose favor the decision or verdict is rendered and judgment entered." *Heath v. County of Aiken*, 302 S.C. 178, 394 S.E.2d 709 (1990) (citing *Buza v. Columbia Lumber Co.*, 395 P.2d 511 (Alaska 1964)). The key factor in determining whether a party is a prevailing party is the degree of success obtained by the party seeking attorney's fees. *Id.*

The circuit court judge found the pending action was moot because this Court voided the election results of the 2002 Charleston County Sales and Use Tax Referendum in *Douan v. Charleston County Council, supra.* Additionally, the circuit court judge ruled that § 15–77–300 does not create a separate cause of action for attorney's fees, but requires a party to be the prevailing party in an action. Accordingly, the circuit court judge denied the request for attorney's fees, finding Douan was not the "prevailing party" in the circuit court action because the action was moot. The Court of Appeals reversed, holding the circuit court judge erred in finding Douan's claim for attorney's fees *was moot.*

We find the Court of Appeals erred in holding the circuit court judge dismissed Douan's request for attorney's

fees as moot. The circuit court judge did not dismiss Douan's request as moot, but rather denied Douan's request, finding he was not the prevailing party in the action.

Furthermore, in *City of Charleston v. Masi,* 362 S.C. 505, 609 S.E.2d 301 (2005), this Court held issues concerning public service district elections were moot due to the Court's intervening decision in *Kizer v. Clark,* 360 S.C. 86, 600 S.E.2d 529 (2004), and, because the issue was moot, declined to award attorney's fees under § 15–77–300.

Accordingly, the circuit court judge properly found Douan was not the prevailing party in the action below due to this Court's superseding opinion in *Douan v. Charleston County Council, supra,* which rendered Douan's current claim moot, and denied his request for attorney's fees. We therefore reverse the Court of Appeals' opinion remanding the matter to the circuit court.

**REVERSED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

WALLER, J., not participating.