THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Tourism
 Expenditure Review Committee, Appellant/Respondent,
 
 
 

v.

 
 
 
 City of Myrtle
 Beach, Respondent/Appellant.
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No.  2011-UP-464 
 Heard February 9, 2011  Filed October 21,
2011

APPEAL DISMISSED

 
 
 
 John M.S. Hoefer, Tracey C. Green, and Andrew
 J. MacLeod, of Columbia, for Appellant/Respondent.
 Michael Warner Battle, of Conway, for
 Respondent/Appellant.
 
 
 

PER CURIAM: This cross-appeal arises out of the
 Tourism Expenditure Review Committee (TERC) and the City of Myrtle Beach's (the
 City's) dispute over the disbursement of funds for "tourism-related
 expenditures" for two events under section 6-4-10(4) of the South Carolina
 Code (2004).  We dismiss this appeal as moot.
FACTS/PROCEDURAL HISTORY
Section
 12-36-920(A) of the South Carolina Code (Supp. 2010) imposes a seven percent
 sales tax on "the rental or charges for any rooms, campground spaces,
 lodgings, or sleeping accommodations furnished to transients by any hotel, inn,
 tourist court, tourist camp, motel, campground, residence, or any place in
 which rooms, lodgings, or sleeping accommodations are furnished to transients
 for a consideration."  Of that tax, two percent is a local accommodations
 tax that must be allocated to cities and counties pursuant to statute.  S.C.
 Code Ann. § 12-36-2630(3) (Supp. 2010).  In cities or counties collecting more
 than $50,000 from the local accommodations tax, after certain amounts are
 allocated, "[t]he remaining balance plus earned interest received by a
 municipality or county must be allocated to a special fund and used for
 tourism-related expenditures."  S.C. Code Ann. § 6-4-10 (2004 & Supp.
 2010).  Section 6-4-35(B)(1)(a) of the South Carolina Code (2004) provides TERC
 "shall serve as the oversight authority on all questionable
 tourism-related expenditures and to that end, all reports filed pursuant to [s]ection
 6-4-25(D)(3) [of the South Carolina Code (2004)] must be forwarded to the
 committee for review to determine if they are in compliance with this
 chapter."
In 2003, the City
 approved $20,000 in tax fund disbursements for the Myrtle Beach Fireworks/Beach
 Bang 2003 (Fireworks Displays), which were put on by for-profit entities including
 hotels, motels, restaurants, bars, and merchants.  Of that amount, $321.03 was
 used to advertise the displays, although the application had contemplated
 $2,000 towards advertising.  The remaining amount was used towards the $68,200
 cost of putting on the displays.  The same year, the City also approved $10,000
 for the 4th Annual Myrtle Beach Fall Rally (Fall Rally), which the Myrtle Beach
 Tavern Owners Association and the Doghouse Bar, also for-profit entities, put
 on to attract motorcycle enthusiasts to a biker rally in the Myrtle Beach
 area.  The City's disbursement was used to advertise and promote the rally on
 billboards, on websites, and in motorcycle enthusiast publications.  The Fall
 Rally doubled its attendance in 2003 from the previous year.
In 2004, TERC
 informed the City it had notified the South Carolina Treasurer's Office (Treasurer's
 Office) to withhold $30,000 from the City's future accommodation tax
 disbursements.  The notice stated the two disbursements were not appropriate
 because the recipients were for-profit entities.  The City contested that
 decision to the administrative law court (ALC), which found the Fireworks
 Displays were not tourism related based on the amount spent on advertising the
 event and that TERC had properly decided $20,000 should be withheld.  The ALC
 found the primary use of the disbursement was to entertain tourists already in
 the Myrtle Beach area.  Additionally, the ALC found the Fall Rally complied
 with section 6-4-10 and thus TERC had incorrectly determined $10,000 should be
 withheld.  Both the City and TERC appealed to the circuit court, which affirmed
 the ALC's order.  
The circuit court
 noted in its order that after the ALC's decision, the General Assembly enacted
 an act requiring accommodations tax revenues withheld by the Treasurer's Office
 prior to July 1, 2006, be returned to the entity from which they were withheld. 
 The circuit court found that action by the legislature did not moot the appeal
 because TERC still had the authority to certify the withholding of funds.  The
 court found the decision satisfies at least one, if not all three, of the
 recognized exceptions to mootness.  (citing Douan v. Charleston Cnty.
 Council, 369 S.C. 271, 277 n.1, 631 S.E.2d 544, 547 n.1 (Ct. App.
 2006), rev'd on other grounds, 373 S.C. 384, 645 S.E.2d 241 (2007) ("In
 civil cases, there are three exceptions to the mootness doctrine: (1) an
 appellate court can retain jurisdiction if the issue is capable of repetition
 yet evading review; (2) an appellate court can decide cases of urgency to
 establish a rule for future conduct in matters of important public interest;
 and (3) if the decision by the trial court can affect future events or have
 collateral consequences to the parties, the appellate court can take
 jurisdiction.")).[1]  Both parties appeal.     
STANDARD OF REVIEW
The ALC presided as the
 finder of fact at the contested hearing.  S.C. Code Ann. § 1-23-600(B) (2005).  The
 circuit court's appellate review of the ALC's decision was governed by section
 1-23-610(D) of the South Carolina
 Code (Supp. 2005), which at the time provided:

 
 The court shall not substitute its judgment for that of the agency
 as to the weight of the evidence on questions of fact.  The court may affirm
 the decision of the agency or remand the case for further proceedings.  The
 court may reverse or modify the decision if substantial rights of the appellant
 have been prejudiced because the administrative findings, inferences,
 conclusions or decisions are:
 (a) in violation of constitutional or
 statutory provisions;
 (b) in
 excess of the statutory authority of the agency;
 (c) made
 upon unlawful procedure;
 (d)
 affected by other error of law;
 (e) clearly erroneous in view of the
 reliable, probative and substantial evidence on the whole record; or
 (f) arbitrary or capricious or
 characterized by abuse of discretion or clearly unwarranted exercise of
 discretion.

This section also governs our review of the circuit court's decision.  S.C.
 Coastal Conservation League v. S.C. Dep't of Health & Envtl. Control,
 363 S.C. 67, 73, 610 S.E.2d 482, 485 (2005).

LAW/ANALYSIS
The City contends
 the circuit court erred in affirming the ALC's interpretation of the
 accommodation tax act to mean "tourism-related expenditures" were
 determined by the amount of money spent on advertising and finding the $20,000
 disbursement was properly withheld.  TERC argues the circuit court erred in
 affirming the ALC's ruling that a disbursement of $10,000 in accommodations tax
 revenue by the City was compliant with sections 6-4-5 to -35 of the South
 Carolina Code when the purpose of the disbursement was not the promotion of
 tourism as required by section 6-4-10(4).  TERC also maintains the circuit
 court erred in affirming the ALC's ruling that two disbursements of
 accommodations tax revenue totaling $30,000 by the City to
 "for-profit" entities were compliant with sections 6-4-5 to -35. 
 TERC alleges the statute is ambiguous and the ALC improperly failed to defer to
 the TERC's interpretation of the statute as precluding such disbursements
 because they do not promote tourism as required by section 6-4-10(4).  We find
 these issues to be moot.
An appellate
 court will not pass judgment on moot and academic questions or make an
 adjudication when no actual controversy remains.  Linda Mc Co. v. Shore,
 390 S.C. 543, 557, 703 S.E.2d 499, 506 (2010) (quoting Curtis v. State,
 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001)); see also Sloan v.
 Friends of the Hunley, Inc., 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006)
 ("Generally, this Court only considers cases presenting a justiciable
 controversy.").  A moot case results when "'a
 judgment rendered by the court will have no practical legal effect upon an
 existing controversy because an intervening event renders any grant of
 effectual relief impossible for the reviewing court.'"  Ex parte Doe,
 393 S.C. 147, ___, 711 S.E.2d 892, 894 (2011) (quoting Friends of the Hunley,
 369 S.C. at 26, 630 S.E.2d at 477); see also Friends of the Hunley,
 369 S.C. at 25, 630 S.E.2d at 477 ("A justiciable controversy exists when
 there is a real and substantial controversy which is appropriate for judicial
 determination, as distinguished from a dispute that is contingent,
 hypothetical, or abstract."). 
However, a court can address a moot issue
 in three situations.  Sloan v. Greenville Cnty., 380 S.C. 528, 535, 670
 S.E.2d 663, 667 (Ct. App. 2009).  "First, if the issue raised is
 capable of repetition but generally will evade review, the appellate court can
 take jurisdiction."  Id.  "In evaluating whether a moot issue
 is capable of repetition, yet evading review the Court does not require that
 the complaining party be subject to the action again."  Friends of the Hunley,
 369 S.C. at 27, 630 S.E.2d at 478.  However, the action must actually evade
 review.  Id.  All actions capable of repetition do not necessarily evade
 review.  See Seabrook v. City of Folly Beach, 337 S.C.
 304, 307, 523 S.E.2d 462, 463 (1999).
"'Second, an
 appellate court may decide questions of imperative and manifest urgency
 to establish a rule for future conduct in matters of important public interest.'"  Greenville Cnty., 380 S.C. at 535, 670 S.E.2d at 667 (quoting Curtis,
 345 S.C. at 568, 549 S.E.2d at 596) (emphasis added by court).  "Application
 of the public interest exception requires the question at issue to be (1) of
 'public importance,' and (2) of 'imperative and manifest urgency.'"
  Id.  "This evaluation must be made based on the facts of each
 individual situation."  Friends of the Hunley, 369 S.C. at 27, 630
 S.E.2d at 478.
"Third, 'if
 a decision by the trial court may affect future events, or have collateral
 consequences for the parties, an appeal from that decision is not moot, even though the appellate court cannot give effective
 relief in the present case.'"  Greenville Cnty., 380 S.C. at 535,
 670 S.E.2d at 667 (quoting Curtis, 345 S.C. at 568, 549 S.E.2d at 596).  "The
 utilization of an exception under the mootness doctrine is flexible and
 discretionary . . . , not a mechanical rule that is automatically invoked."
  Id.
As part of its
 budget bill for fiscal year 2006-2007, the General Assembly required the
 accommodation tax revenues withheld by the Treasurer's Office pursuant to
 section 6-4-35 prior to July 1, 2006, be returned to the entity from which they
 had been withheld.  Act No. 397, 2006 S.C. Acts 492, Part 1B, Section 60.12. 
 Thus, the $30,000 in accommodations tax proceeds certified by TERC to the Treasurer's
 Office to be withheld from the City were not ultimately withheld.  Therefore,
 this issue is moot.
The utilization
 of an exception under the mootness doctrine is discretionary, and this case meets
 none of the recognized exceptions.  First, this situation is not capable of repetition
 yet evading review.  Although it is capable of repetition, we have no reason to
 believe the legislature will refund the money collected in the future.  Consequently,
 should the City submit requests for funds for activities TERC finds does not
 meet the requirements of the statute, TERC can withhold the funds and the
 parties can litigate the interpretation of the statute then.  Second, this is
 also not a situation of imperative and manifest urgency to establish a rule for
 future conduct in matters of important public interest.  Finally, this is not a
 situation in which a decision by the trial court will affect future events, or
 have collateral consequences for the parties.  Thus, this situation does not
 meet any of the exceptions to the application of the mootness doctrine.  Accordingly,
 we dismiss this appeal as moot.
APPEAL DISMISSED.
FEW, C.J., KONDUROS, J.,
 and CURETON, A.J., concur.

[1] Neither party raises mootness as an issue on appeal.