**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brook Waddle, Appellant,

v.

South Carolina Department of Health and Human Services, Respondent.

Appellate Case No. 2013-002415

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2016-UP-109
Submitted February 1, 2016 – Filed March 2, 2016

———————

**APPEAL DISMISSED**

———————

Kenneth C. Anthony, Jr., of The Anthony Law Firm, PA, of Spartanburg, and Patricia Logan Harrison, of Columbia, both for Appellant.

Damon Christian Wlodarczyk, of Riley Pope & Laney, LLC, and Shealy Boland Reibold, of the South Carolina Department of Health and Human Services, both of Columbia, for Respondent.

———————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) (stating an appellate court will not pass judgment on moot and academic questions or adjudicate a matter when no actual controversy capable of specific relief exists); *Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) (stating a moot case exists when "a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court"); *Sloan v. Dep't of Transp.*, 365 S.C. 299, 303, 618 S.E.2d 876, 878 (2005) (stating an appellate court can accept jurisdiction, despite mootness, if the issue is capable of repetition but evading review); *Friends of the Hunley, Inc.*, 369 S.C. at 27, 630 S.E.2d at 478 ("However, the action must be one [that] will truly evade review."); *City of Charleston v. Masi*, 362 S.C. 505, 508-09, 609 S.E.2d 301, 303 (2005) ("Regarding the exception that a court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review, we find that while the questions involved could arise again, the questions will not 'usually become moot' before they can be reviewed.").

**APPEAL DISMISSED.**[1]

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.