630 S.E.2d 474

Edward D. SLOAN, individually and as a citizen and taxpayer
and registered elector of the State of South Carolina, and
on behalf of all others similarly situated, Appellant,

v.

FRIENDS OF the HUNLEY, INC., and Warren
F. Lasch, its Chairman, Respondents.

No. 26151.

Supreme Court of South Carolina.

Heard Nov. 2, 2005.
Decided May 15, 2006.

22

Jennifer J. Miller, and James G. Carpenter, both of Carpenter Law Firm, of Greenville, for Appellant.

Thornwell F. Sowell, III, of Sowell Gray Stepp & Laffitte, of Columbia, for Respondents.

Chief Justice TOAL:

This case was certified for review from the court of appeals pursuant to Rule 204(b), SCACR. Appellant Edward D. Sloan Jr. (Sloan) brought an action against Friends of the Hunley, Inc. (Friends) and its chairman, Warren F. Lasch (Lasch), seeking injunctive and declaratory relief for a violation of the Freedom of Information Act (FOIA). After the commencement of the litigation, Friends provided Sloan with the requested information. Friends subsequently moved for summary judgment, arguing that the action was moot and that

Sloan lacked standing. The trial court granted summary judgment in favor of Friends on all causes of action. We affirm in part and reverse in part.

### FACTUAL/PROCEDURAL BACKGROUND

Friends is a nonprofit corporation dedicated to the recovery and conservation of the Confederate submarine, the *H.L. Hunley*. Sloan requested documents from Friends pursuant to FOIA in July of 2001. Friends refused to provide the requested documents contending that the corporation was not subject to FOIA. Sloan filed a Complaint alleging that Friends has received more than $13,000,000 in public funds, is a public body as defined by S.C.Code Ann. § 30–4–20(a) (1991), and has violated FOIA by refusing to provide certain documents to Sloan after a FOIA request. Sloan also alleged that Friends is merely the alter ego of the Hunley Commission (the Commission) and is, therefore, subject to all laws applicable to the Commission including FOIA.

Friends sought summary judgment arguing that Sloan's cause of action for a declaratory judgment finding Friends a public body subject to FOIA was moot because they had fully complied with Sloan's FOIA request. The trial court granted Friends' motion for summary judgment. Friends subsequently filed a motion for summary judgment with a second trial court contending that Sloan's alter ego cause of action improperly called on the Court to render an advisory opinion and also that Sloan did not have standing to maintain an action to establish Friends as the alter ego of the Commission. Judge John C. Hayes, III granted Friends' motion, finding that the action essentially required an advisory opinion and that Sloan lacked sufficient standing. Sloan appealed and raises the following issues for review:

I. Did the trial court err in declining to consider whether Friends was a "public body" under FOIA?

II. Did the trial court err in finding that Sloan lacks standing?

III. Did the trial court err in granting Friends' motion for summary judgment as to the alter ego claim?

Lasch raises the following issue for review as an additional sustaining ground:

IV. Is Lasch entitled to summary judgment because he is being sued only in his capacity as the chairman of Friends?

## LAW/ANALYSIS

### STANDARD OF REVIEW

In reviewing the grant of summary judgment, this Court applies the same standard that governs the trial court under Rule 56, SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *South Carolina Elec. & Gas Co. v. Town of Awendaw*, 359 S.C. 29, 34, 596 S.E.2d 482, 485 (2004) (quoting *Osborne v. Adams*, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001)). On appeal, all ambiguities, conclusions, and inferences arising in and from the evidence must be viewed in a light most favorable to the non-moving party. *Id.*

## I. Declaratory Judgment

### A. *Mootness*

Sloan argues that the trial court erred in declining to consider whether Friends was a "public body" under FOIA.[1] We disagree.

Generally, this Court only considers cases presenting a justiciable controversy. *Byrd v. Irmo High School*, 321 S.C. 426, 430, 468 S.E.2d 861, 864 (1996). A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical, or abstract. *Id* at

---

1. Friends contends that this issue is not properly before the Court. Friends argues that Sloan has only appealed the second trial court's order, and that because the first trial court issued the order finding the declaratory judgment action moot, this issue is not presently reviewable by this Court. While Friends is correct in the argument that the first trial court's order is not before the Court, Friends fails to acknowledge that the first trial court's order was amended to allow Sloan to go forward in his pursuit of a declaratory judgment in this cause of action. Accordingly, we find the order issued by the second trial court is the order that declared the declaratory judgment cause of action moot. Therefore, this issue is properly before the Court.

431, 468 S.E.2d at 864. A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court. *Mathis v. South Carolina State Highway Dep't,* 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973). If there is no actual controversy, this Court will not decide moot or academic questions. *Id.* (citing *Jones v. Dillon–Marion Human Res. Dev. Comm'n.,* 277 S.C. 533, 535, 291 S.E.2d 195, 196 (1982)); *see also Wallace v. City of York,* 276 S.C. 693, 694, 281 S.E.2d 487, 488 (1981). Although this Court has not addressed the issue of mootness as it pertains to FOIA, other courts have held that once the requested documents are produced, a justiciable controversy no longer exists. *Trueblood v. U.S. Dept. of Treasury, I.R.S.,* 943 F.Supp. 64, 67 (D.D.C.1996); *Misegades Douglas v. Schuyler,* 456 F.2d 255, 255 (4th Cir.1972); *Kaye v. Burns,* 411 F.Supp. 897, 901 (S.D.N.Y.1976).

In the instant case, Sloan concedes that Friends has provided all documents requested pursuant to FOIA. Additionally, since the filing of this appeal, Friends has conceded that it is presently a public body as related to this litigation. The purpose of FOIA is to protect the public by providing a mechanism for the disclosure of information by public bodies. *Bellamy v. Brown,* 305 S.C. 291, 295, 408 S.E.2d 219, 221 (1991). Because the information Sloan sought has been disclosed, there is no continuing violation of FOIA upon which the trial court could have issued a declaratory judgment. Additionally, Sloan has further conceded that his interest in this matter is purely academic. Therefore, we find that the question is moot, and any judgment by this Court would constitute an advisory opinion. Accordingly, the trial court did not err in granting Friends' motion for summary judgment as to Sloan's request for a declaratory judgment.

### B. Exceptions to Mootness

Sloan further contends that the trial court erred in finding that none of the general exceptions to mootness applied in this case. We disagree.

Two exceptions in which the court may address an issue despite mootness are 1) when the issue raised is capable

of repetition, yet evading review, and 2) when the question considers matters of important public interest. *Curtis v. State of South Carolina,* 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001). Neither exception applies in this case.

In evaluating whether a moot issue is capable of repetition, yet evading review the Court does not require that the complaining party be subject to the action again. *Byrd,* 321 S.C. at 431, 468 S.E.2d at 864. However, the action must be one which will truly evade review. *Id* at 432, 468 S.E.2d at 864 (finding short term student suspensions will evade review because they are, "by their very nature, completed long before an appellate court can review the issues they implicate"); *but see Seabrook v. City of Folly Beach,* 337 S.C. 304, 307, 523 S.E.2d 462, 463 (1999) (holding that an action that is capable of repetition does not necessarily evade review).

In *Seabrook,* the plaintiffs brought an action against the city alleging that the city imposed conditions on a residential development for which it had no authority. 337 S.C. at 304, 523 S.E.2d at 462. After the trial court found in favor of the plaintiffs, the city removed the conditions and approved the plat. In reviewing the appeal this Court found that the issue was moot, and that although the scenario was capable of repetition, it did not evade review.

The instant case is analogous to *Seabrook.* Although Friends admits that the current situation is capable of repetition, it does not evade review. Should another person bring an action against Friends for a violation of FOIA and Friends fails to produce the requested documents, the Court will have the opportunity to review the issue.

In determining whether a moot issue should be reviewed under the public importance exception, the issue must present a question of imperative and manifest urgency requiring the establishment of a rule for future guidance in "matters of important public interest." *Sloan v. Greenville County,* 361 S.C. 568, 570, 606 S.E.2d 464, 465–66 (2004) (citing *Curtis,* 345 S.C. at 568, 549 S.E.2d at 596). This evaluation must be made based on the facts of each individual situation. *Id* at 571, 549 S.E.2d 591, 606 S.E.2d at 466.

Sloan's contention that his declaratory judgment action meets the public importance exception despite mootness is unsupported. Sloan does not present a "question of imperative and manifest urgency." Because Friends produced the requested documents, Sloan has been afforded the intended benefit of FOIA. Even assuming that this issue presents a matter of public importance, no imperative or manifest urgency exists in light of Friends' producing the requested documents and conceding that it is presently a public body under FOIA.

Accordingly, we hold that neither exception applies in this case. Therefore, we affirm the ruling of the trial court.

## II. Standing

Sloan contends that the trial court erred in ruling that he did not have standing to bring this action. We agree.

Generally, a party must be a real party in interest to the litigation to have standing. *Evins v. Richland County Historic Pres. Comm'n,* 341 S.C. 15, 21, 532 S.E.2d 876, 879 (2000) (citing *Glaze v. Grooms,* 324 S.C. 249, 478 S.E.2d 841 (1996)). A real party in interest is a party with a real, material, or substantial interest in the outcome of the litigation. *Baird v. Charleston County,* 333 S.C. 519, 530, 511 S.E.2d 69, 75 (1999). However, the South Carolina General Assembly addressed the issue of standing in FOIA cases in a specific statutory provision. The statute provides:

[a]ny citizen of the State may apply to the circuit court for either or both a declaratory judgment and injunctive relief to enforce the provisions of this chapter in appropriate cases as long as such application is made no later than one year following the date on which the alleged violation occurs or one year after a public vote in public session, whichever comes later. The court may order equitable relief as it considers appropriate, and a violation of this chapter must be considered to be an irreparable injury for which no adequate remedy at law exists.

S.C.Code Ann. § 30–4–100(a) (1991). Additionally, this Court has held that standing under FOIA does not require the information seeker to have a "personal stake in the outcome."

*Fowler v. Beasley,* 322 S.C. 463, 466, 472 S.E.2d 630, 632 (1996).

Accordingly, we find that the trial court erred in finding that Sloan lacked standing to bring this action.

### III. Alter Ego Theory

Sloan argues that the trial court erred in granting Friends' motion for summary judgment as to the alter ego claim. We find no necessity to address this issue.

The alter ego cause of action is directly related to Sloan's cause of action for a declaratory judgment that Friends is a public body. This second cause of action has no independent significance apart from the averments pertaining to the first cause of action. Therefore, because we find the first cause of action moot, there is no necessity to address the issue of whether Friends is the alter ego of the Commission.

### IV. Lasch's Entitlement to Summary Judgment

■ Lasch argues as an additional sustaining ground that he is entitled to summary judgment because he is being sued only in his capacity as chairman of Friends. We agree.

Because we find Sloan's causes of action against Friends moot, and neither the complaint nor issues on appeal contains any averments regarding Lasch beyond his capacity as chairman of Friends, we hold that Lasch is also entitled to summary judgment as to all issues on appeal.

### CONCLUSION

For the forgoing reasons, we affirm the ruling of the trial court granting summary judgment to Friends. Additionally, we affirm the granting of summary judgment to Lasch. However, we reverse the trial court's finding that Sloan lacked standing to bring this action.

WALLER, BURNETT, PLEICONES, JJ., and Acting JUSTICE JOHN W. KITTREDGE, concur.