**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

L. Paul Trask, Jr., Individually, as a Citizen, Resident, Taxpayer, and Registered Elector of the State of South Carolina, and on behalf of others similarly situated, Appellant,

v.

South Carolina Department of Public Safety; Beaufort County; Beaufort County Management Information Systems; Beaufort County Coroner, Curtis Copeland, in his official capacity; and Beaufort County Sheriff, P.J. Tanner, in his official capacity; Respondents.

Appellate Case No. 2009-145927

―――――――――

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2012-UP-623
Submitted October 2, 2012 – Filed November 21, 2012

―――――――――

**DISMISSED IN PART, AFFIRMED IN PART**

―――――――――

Stephen Peterson Groves, Sr., and Thomas S. Tisdale, Jr., both of Nexsen Pruet, LLC, of Charleston, for Appellant.

Robert W. Achurch, Mary Bass Lohr, and Jason F. Ward, all of Howell, Gibson & Hughes, P.A., of Beaufort, for Respondents Beaufort County, Beaufort County Management Information Systems, Beaufort County Coroner, Curtis Copeland, in his official capacity, and Beaufort County Sheriff, P.J. Tanner, in his official capacity; William H. Davidson, II, and Andrew F. Lindemann, both of Davidson & Lindemann, P.A., of Columbia, for Respondent South Carolina Department of Public Safety.

---

**PER CURIAM:** Paul Trask, Jr., appeals the circuit court's grant of summary judgment in favor of all respondents in this case brought pursuant to section 30-4-100(a) of the South Carolina Code (2007). We dismiss the appeal as to the South Carolina Department of Public Safety because Trask failed to properly serve the notice of appeal. *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice.").

We affirm as to the remaining respondents pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule 56(c), SCRCP (indicating a trial court may grant a party's motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); S.C. Code Ann. § 30-4-100(a) (2007) (setting the statute of limitations for Freedom of Information Act (FOIA) claims as "one year following the date on which the alleged violation occurs"); *Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 478 (2006) (finding a party's FOIA claims moot because once all relevant documents in a FOIA case have been provided, "there is no continuing violation of FOIA upon which the trial court [can issue] a declaratory judgment"); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980) (indicating FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained").

**DISMISSED IN PART, AFFIRMED IN PART.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**