**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Pee Dee Health Care, P.A., Appellant,

v.

Hugh S. Thompson, III, and Louise T. Dailey, as Personal Representatives of the Estate of Hugh S. Thompson, Respondents.

Appellate Case No. 2011-185767

Appeal From Darlington County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2013-UP-311
Heard June 5, 2013 – Filed July 3, 2013

**AFFIRMED IN PART, DISMISSED IN PART**

Benjamin Rushton Matthews and Tony Ray Megna, both of Matthews & Megna, LLC, of Columbia, for Appellant.

John J. James, II of Paulling & James, LLP, of Darlington, and Jon Rene Josey, of Turner Padget Graham & Laney, PA, of Florence, for Respondents.

**PER CURIAM:**  This appeal arises from three claims made by Pee Dee Health Care, P.A. ("PDHC") against the estate of Hugh S. Thompson, Jr. ("the Estate").[1] PDHC appeals the following orders of the circuit court:  (1) the order dismissing its appeal of a Darlington County probate court order for failing to timely file its grounds of appeal with the probate court, (2) the order granting summary judgment in favor of the Estate, and (3) the order disqualifying PDHC's counsel, Tony Ray Megna.  We affirm in part and dismiss in part.

1.  We find the circuit court properly dismissed PDHC's appeal of the Darlington County probate court order for failure to timely file its grounds of appeal in probate court.  The probate court issued an order approving the sale of Dr. Thompson's former residence on September 17, 2010.  In compliance with section 62-1-308(a) of the South Carolina Code (2009), PDHC filed its notice of intent to appeal on September 20, 2010, in circuit court and probate court.  *See* § 62-1-308(a) ("The notice of intention to appeal to the circuit court must be filed in the office of the circuit court and in the office of the probate court and a copy served on all parties within ten days after receipt of written notice of the appealed from order, sentence, or decree of the probate court.").  However, PDHC failed to comply with the second requirement of section 62-1-308(a) in two respects.  First, PDHC improperly filed its grounds of appeal in circuit court as opposed to probate court.  *Id.*  ("The grounds of appeal must be filed in the office of the probate court and a copy served on all parties within forty-five days after receipt of written notice of the order, sentence, or decree of the probate court.").  Second, and most importantly, PDHC filed its grounds of appeal outside the forty-five day time period prescribed by section 62-1-308(a).  *Id.*  It is undisputed PDHC received notice of the probate court's order no later than September 20, 2010, the date on which PDHC filed its notice of intent to appeal.  However, PDHC failed to file its grounds of appeal in circuit court until November 9, 2010, fifty days after it received notice of the probate court's order.  Although PDHC attempts to argue that Rule 204(a),[2] SCACR, and Rule 82(b),[3] SCRCP, required the circuit court to

---

[1] This appeal originated as three separate appeals; however, the parties agreed at oral argument to consolidate the cases.  Accordingly, we address all three appeals in the instant opinion.

[2] Rule 204(a), SCACR, states: "In the event that the notice of appeal is filed in the wrong appellate court, the appellate court in which the matter is filed shall issue an order transferring the case to the appropriate appellate court."

transfer PDHC's appeal to the court in which the appeal should have been filed, these rules only apply for a timely-filed appeal.  Because PDHC failed to timely file its grounds of appeal, these rules are inapposite.  Accordingly, we affirm the circuit court's dismissal of PDHC's appeal from probate court.

2.  We find the appeal of the circuit court's order granting the Estate summary judgment is untimely.  The circuit court filed its formal order granting the Estate summary judgment on September 1, 2011.  PDHC filed a motion to reconsider the ruling; however, the motion to reconsider was signed by Mr. Megna only.  Because the circuit court had disqualified Mr. Megna as counsel except for the limited purpose of arguing the pending motions for summary judgment, the circuit court dismissed the motion to reconsider its ruling on the summary judgment motions as "void ab initio."  No other Rule 59(e) motion was submitted prior to PDHC filing and serving its notice of appeal on October 28, 2011.

We agree with the circuit court that PDHC did not file a proper Rule 59(e), SCRCP, motion.  The circuit court filed its order denying PDHC's Rule 59(e) motion on Mr. Megna's disqualification on August 24, 2011.  In the order, the circuit court explicitly stated that the only exception to the order was to allow Mr. Megna to represent PDHC at the hearing on the motions for summary judgment.  However, the circuit court clarified that this exception was for a limited appearance only and did not otherwise attenuate the order of disqualification.  Accordingly, the circuit court provided clear and unequivocal notice to PDHC that Mr. Megna was only allowed to orally argue the motions for summary judgment and was disqualified from all other appearances and activities following his disqualification.  Mr. Megna's subsequent submission of PDHC's motion to reconsider the order granting the Estate summary judgment was in clear and direct violation of the circuit court's order disqualifying him as counsel.  PDHC served the notice of appeal of the circuit court's summary judgment order on October 28, 2011.  Without a valid Rule 59(e) motion to toll the time for filing an appeal, this notice was untimely.  *See* Rule 203(b)(1), SCACR (requiring a notice of appeal to be served on all respondents within thirty days after receipt of written notice of

---

[3] Rule 82(b), SCRCP, states: "When an action is brought in the wrong county or in the wrong court, the court shall not dismiss the action but shall transfer it to any proper county or court in which it could have been brought."

entry of the order or judgment); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 15, 602 S.E.2d 772, 775 (2004) ("A timely post-trial motion, including a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP, stays the time for an appeal for all parties until receipt of written notice of entry of the order granting or denying such motion."). Accordingly, we dismiss PDHC's appeal of the circuit court's order entering summary judgment in favor of the Estate as untimely.

3. Because, as discussed above, we dismiss PDHC's appeal of summary judgment in favor of the Estate, we find its appeal of Mr. Megna's disqualification is moot. *See Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court.").

Moreover, even if the issue were not moot, we find the circuit court did not err in disqualifying Mr. Megna as counsel for PDHC. Rule 3.7 of the Rules of Professional Conduct prohibits an attorney from acting as advocate at a trial in which he is likely to be a necessary witness unless certain exceptions apply. Mr. Megna is the chief executive officer of PDHC. Due to this position, Mr. Megna has exclusive and first-hand knowledge of many of the facts at issue in the instant case, including, but not limited to, PDHC's communications with Dr. Thompson, PDHC's compliance with Medicare regulations, and PDHC's role in Medicare's administrative action against it to recoup funds paid by Medicare to patients treated by Dr. Thompson. Based on Mr. Megna's position with PDHC, we find the circuit court did not err in disqualifying Mr. Megna as a necessary witness.

In addition, we find no abuse of discretion in the circuit court's disqualification of Mr. Megna prior to trial. Mr. Megna's partner, Benjamin Matthews, who was not disqualified, was an attorney-of-record in the case and had previously submitted pleadings on PDHC's behalf. Accordingly, PDHC suffered no hardship from Mr. Megna's pretrial disqualification. Further, Mr. Megna points to no South Carolina cases precluding the disqualification of counsel prior to trial.

Finally, we agree with the circuit court that PDHC's assertion that the attorney-client privilege, the work product doctrine, and the Dead Man's Statute would bar his testimony is without merit. At this stage, PDHC has failed to demonstrate that Mr. Megna's testimony would be excluded under these doctrines. Moreover, the fact that certain portions of his testimony could potentially be barred at trial due to certain evidentiary rulings is irrelevant to Mr. Megna's status as a necessary

witness. Accordingly, PDHC's appeal of the circuit court's order disqualifying Mr. Megna fails on the merits as well.

Based on the foregoing, PDHC's appeal is

**AFFIRMED IN PART and DISMISSED IN PART.**

**HUFF and WILLIAMS, JJ., and CURETON, A.J., concur.**