**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Patricia Carter, Terry Barrow, and Gary James,
Defendants,

Of whom Patricia Carter is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2017-001420

———————————

Appeal From York County
Tony M. Jones, Family Court Judge

———————————

Unpublished Opinion No. 2018-UP-290
Submitted June 1, 2018 – Filed June 27, 2018

———————————

**AFFIRMED**

———————————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

R. Chadwick Smith, of Rock Hill, for Respondent.

Rebecca T. McNerney, of Charlotte, North Carolina, for the Guardian ad Litem.

**PER CURIAM:** The family court entered an order of intervention against Patricia Carter (Mother), finding Mother physically neglected her minor child (Daughter) based upon the circumstances of the death of her youngest child. Mother appeals, arguing the family court erred by (1) continuing the merits hearing, (2) granting a motion by the Department of Social Services (DSS) to quash a subpoena of Michael Vreeland and limit or terminate Vreeland's deposition, and (3) finding she physically neglected Daughter. We affirm.[1]

We find issues one and two are moot.[2] *See Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) (stating a moot issue exists when "a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court"). The remedy for a violation of the statutory time limit in which to hold a merits hearing is for the family court to order custody returned to a child's parent or legal guardian. *See Hooper v. Rockwell*, 334 S.C. 281, 289-90, 513 S.E.2d 358, 363 (1999) ("The family court must hold a merit hearing within thirty-five days of receipt of the removal petition to determine whether removal is necessary. Prosecutors, DSS, and the family court must strictly comply with this schedule of hearings. The family court should order custody be returned to the child's parent or legal guardian if the hearings are not held within ten days after the statutory time limits."). However, here, the family court awarded

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] To the extent Mother argues the family court violated her due process rights by granting DSS's motion to quash Vreeland's subpoena and limit or terminate his deposition, we find the family court did not violate her due process rights because she was given the opportunity to argue against DSS's motion, and the family court, in its order, provided Mother the opportunity to depose Vreeland fully following the criminal proceeding. *See S.C. Dep't of Soc. Servs. v. Wilson*, 352 S.C. 445, 452, 574 S.E.2d 730, 733 (2002) ("The Fourteenth Amendment to the United States Constitution provides, 'nor shall any State deprive any person of life, liberty, or property, without due process of law . . . .' '[D]ue process is flexible and calls for such procedural protections as the particular situation demands.'" (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972))); *id.* at 452, 574 S.E.2d at 734 ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.").

custody of Daughter to Mother in its final order.  Moreover, Mother was granted the opportunity to depose Vreeland prior to the family court's hearing.  Because there is no relief for this court to grant Mother, we find issues one and two are moot.

Further, we affirm the family court's finding of neglect.  We find, under the specific circumstances of this case, maintaining an unsecured, loaded, chambered firearm that was accessible to Daughter at the time of the incident constitutes an act or omission that presents a substantial risk of physical injury to a child.[3]  *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); S.C. Code Ann. § 63-7-1660(E) ("The [family] court shall not order that a child be removed from the custody of the parent or guardian unless the court finds that the allegations of the petition are supported by a preponderance of evidence including a finding that the child is an abused or neglected child . . . ."); S.C. Code Ann. § 63-7-20(6)(a) (Supp. 2017) (stating a child is abused or neglected when a parent "engages in acts or omissions which present a substantial risk of physical or mental injury to the child").

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[3] As noted by Mother in her brief, although this case was postured as an intervention action under section 63-7-1650 of the South Carolina Code (2010), Daughter was removed from Mother's custody and section 63-7-1660 of the South Carolina Code (2010 & Supp. 2017) is the more appropriate statute.