**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elvis G. Groce, Appellant,

v.

South Carolina Public Employee Benefit Authority, South Carolina Retirement Systems, Respondent.

Appellate Case No. 2018-000949

———————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2021-UP-079
Submitted January 1, 2021 – Filed March 10, 2021

———————

**AFFIRMED**

———————

Elvis G. Groce, of Greenville, pro se.

Melissa Ann Alexander and Justin Richard Werner, both of the South Carolina Public Employee Benefit Authority, of Columbia, for Respondent.

———————

**PER CURIAM:** Elvis Groce, pro se, appeals the Administrative Law Court's (the ALC's) order granting South Carolina Public Employee Benefit Authority's (S.C. PEBA's) summary judgment motion and the ALC's order denying Groce's motion for reconsideration. We find the ALC's decision to grant S.C. PEBA's summary

judgment motion and deny Groce's motion for reconsideration is supported by substantial evidence and the ALC properly declined to extend the statutory deadline for disability retirement benefits under section 9-1-1540(B)(2) of the South Carolina Code (2019).  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence.  Although [the appellate] court shall not substitute its judgment for that of the AL[C] as to findings of fact, [it] may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole.  In determining whether the AL[C]'s decision was supported by substantial evidence, [the appellate] court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached." (citations omitted)); *Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 226, 467 S.E.2d 913, 917 (1996) ("[T]he burden is on appellants to prove convincingly that the agency's decision is unsupported by the evidence."); S.C. Code Ann. § 1-23-610(B) (Supp. 2020) ("The review of the administrative law [court]'s order must be confined to the record."); *Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("In reviewing the grant of summary judgment, [an appellate court] applies the same standard that governs the trial court under Rule 56, SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* ("On appeal, all ambiguities, conclusions, and inferences arising in and from the evidence must be viewed in a light most favorable to the non-moving party."); S.C. Code Ann. § 9-1-1540(B)(2) ("A member whose application for disability retirement benefits was received by the [South Carolina Retirement System] after December 31, 2013, is considered disabled if the member qualifies for the payment of Social Security disability benefits and is eligible for benefits pursuant to this section upon proof of the disability, provided that the date of disability established by the Social Security Administration falls within one year after the last day the member was employed by a covered employer in the [South Carolina Retirement System].  The member shall submit to the retirement [South Carolina Retirement System] the Social Security Award Notice certifying the date of entitlement for disability benefits as issued by the Social Security Administration."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Whe[n] the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.