**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John K. Massey, Jr., Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2018-002243

―――――――――――――

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

―――――――――――――

Unpublished Opinion No. 2021-UP-174
Submitted April 1, 2021 – Filed May 19, 2021

―――――――――――――

**AFFIRMED**

―――――――――――――

John K. Massey, Jr., of York, pro se.

Kensey Evans, of the South Carolina Department of Corrections, of Columbia, for Respondent.

―――――――――――――

**PER CURIAM:** John K. Massey, Jr. appeals the Administrative Law Court's (the ALC's) order dismissing his appeal. On appeal to the ALC, Massey argued the South Carolina Department of Corrections (SCDC) failed to properly apply his jail time credit to both of his consecutive sentences. After Massey filed his appeal with the ALC, SCDC informed the ALC that it had amended Massey's jail time credit to reflect his time served. Based on the amended jail time credit, Massey

completed his sentence for grand larceny on August 22, 2019, and completed his sentence for malicious injury to property on August 17, 2020. Because Massey's release prevents this court from providing effectual relief regarding Massey's credit for time served, we dismiss his appeal as moot. *See Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("Generally, this [c]ourt only considers cases presenting a justiciable controversy."); *id.* at 26, 630 S.E.2d at 477 ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."); *Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001) ("[A]n appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review."); *Sloan*, 369 S.C. at 27, 630 S.E.2d at 478 ("However, the action must be one which will truly evade review [for the mootness exception to apply].").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.