**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terry Bo Smith, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2019-001291

———————

Harold W. Funderburk, Jr., Administrative Law Judge

———————

Unpublished Opinion No. 2022-UP-129
Submitted January 1, 2022 – Filed March 23, 2022

———————

**AFFIRMED**

———————

Terry Bo Smith, pro se.

Annie Laurie Rumler, of the South Carolina Department
of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Terry Bo Smith appeals an order of the Administrative Law
Court (ALC) affirming the South Carolina Department of Correction's (SCDC's)
final decision regarding the calculation of his sentence. On appeal, Smith argues
the ALC erred in affirming SCDC's calculation of his sentence when SCDC did not
give him credit for all of the time he spent on parole for an unrelated offense.
Because Smith has completed the sentence for which he argues he should have
received credit, we hold his argument is moot. Accordingly, we affirm pursuant to

Rule 220(b), SCACR, and the following authorities: *See Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("Generally, [an appellate court] only considers cases presenting a justiciable controversy."); *id.* ("A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination . . . ."); *id.* at 26, 630 S.E.2d at 477 ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.