**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Brandi Irick and Russell McLean, Defendants,

Of whom Russell McLean is the Appellant,

and

Brandi Irick is a Respondent.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2019-001727

———————

Appeal From Dorchester County
William J. Wylie, Jr., Family Court Judge

———————

Unpublished Opinion No. 2022-UP-177
Submitted April 11, 2022 – Filed April 21, 2022

———————

**AFFIRMED**

———————

Russell McLean, of Waynesville, North Carolina, pro se.

William Harold Nixon, Jr., of William H. Nixon, Jr. Attorney at Law, of Charleston, for Respondent Brandi Irick.

Deanne M. Gray, of Cobb, Dill & Hammett, LLC, of Summerville; and Scarlet Bell Moore, of Greenville, both for Respondent South Carolina Department of Social Services.

Jessica Leigh Birt, of Summerville, for the Guardian ad Litem.

---

**PER CURIAM:**  Russell McLean (Father) appeals the family court's order (1) allowing Brandi Irick (Mother) to retain custody of the parties' minor child (Child) as previously ordered by the court and (2) restraining Mother from allowing Father to have contact with Child until further order of the court.  On appeal, Father argues the family court's order is void because he was not served with the summons and complaint prior to the non-emergency hearing or issuance of the family court's order.

Because the family court issued a subsequent order allowing Mother to retain custody of Child and preventing Father from having contact with Child, we hold Father's case is moot.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *See Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("Generally, [an appellate court] only considers cases presenting a justiciable controversy.  A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination . . . ." (internal citation omitted)); *id.* at 26, 630 S.E.2d at 477 ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court.").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.