**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lady Beaufort, LLC & Tideland Realty, Inc., Appellants,

v.

Hird Island Investments, Inc., Sherwood N. Fender, Addison D. Fender, Martha B. Fender, William B. Bowen, Lady Kemmerlin, LLC, Brickyard Holdings, Inc. and A&K Holding Co., LLC, Defendants,

AND

William M. Bowen, Third-Party Plaintiff,

v.

James S. Kerr and Matt Trumps, Third-Party Defendants,

Of Which Hird Island Investments, Inc. and Sherwood N. Fender are the Respondents.

Appellate Case No. 2019-001270

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-252
Heard April 7, 2022 – Filed June 8, 2022

———————

**DISMISSED AS MOOT**

Andrew K. Epting, Jr. and Jaan Gunnar Rannik, both of
Epting & Rannik, LLC, of Charleston, for Appellants.

William M. Bowen, of William M. Bowen, PA, of Hilton
Head Island, and H. Fred Kuhn, Jr., of Moss Kuhn &
Fleming, PA, of Beaufort, both for Respondents.

**PER CURIAM:**  This is a companion case to *Lady Beaufort, LLC v. Hird Island Investments, Inc.*, Appellate Case No. 2018-001969, which we reversed in a separate opinion.

Hird Island Investments, Inc. (Hird Island) entered into a real estate transaction (the Contract) to sell 9 Sams Point Rd to its neighbor, Lady Beaufort, LLC (Lady Beaufort) for $260,000.  Tideland Realty, Inc. (Tideland Realty) brokered the transaction.  The Contract provided closing was to take place within seven days of the conclusion of the thirty-day due diligence period, which ended on October 1, 2013, making the final date for closing October 8, 2013.  Because of issues regarding title insurance, the Contract did not close by October 8, 2013, and on October 10, 2013, Hird Island sold 9 Sams Point Rd. to Inverness, LLC (Inverness) for $245,000.

Months later, Lady Beaufort bought 9 Sams Point Rd. from Inverness for $285,000 and filed a summons and complaint against Hird Island for breach of contract.  The complaint was amended to add Sherwood Fender, Hird Island's principal, and allege additional claims for breach of contract accompanied by a fraudulent act, fraudulent transfer, and negligent misrepresentation.  Hird Island counterclaimed for breach of contract.  The lawsuit was referred by consent to the Master for disposition, and it proceeded to trial on March 1, 2017.  The Master ruled Hird Island breached the Contract with Lady Beaufort, and it found Fender liable for negligent misrepresentation and breach of contract accompanied by a fraudulent act, and therefore, Fender was personally liable for any damages resulting from the breach.

The Master awarded Lady Beaufort $87,578.56, including $25,000 in actual damages plus prejudgment interest and attorney's fees through the date of the trial in the amount of $53,924.41, and Tideland Realty $17,500.17.  Hird Island and Fender filed a motion to reconsider the order, and after a hearing on the motion, the Master filed an order granting Hird Island and Fender's motion to reconsider as to the award of attorney's fees and reopening the record to allow the parties to submit evidence as

to attorney's fees. After holding a hearing on attorney's fees, the Master filed an order amending its prior order to only allow Lady Beaufort to recover attorney's fees up until the date it obtained the property from Inverness, reducing its attorney's fee award to $17,857.00. The parties all appealed this order in November 2018 in the companion appeal.

On June 20, 2019, Fender filed a motion to post bond in satisfaction of the judgments against him. Lady Beaufort and Tideland Realty responded to the motion, noting they "could be amenable to the posting of an appropriate bond," but arguing the bond amount proposed by Fender was too low because the bond would not cover the total judgment amount should they win their pending appeal and receive all of their attorney's fees, including appellate attorney's fees, totaling $349,078.49. After a hearing on the motion, the Master entered an order permitting Fender to post a cash bond–in an amount one and a half times the current judgment amounts, totaling $123,461.28–in favor of Lady Beaufort and Tideland Realty and transferring the judgment liens from Fender's assets to these bonds. The Master also ruled that should this court affirm the judgments in favor of Lady Beaufort and Tideland Realty against Fender and the bond did not satisfy the judgments, Fender would remain liable. This appeal follows.

In our opinion in the companion appeal, we reversed the Master's findings that (1) Hird and Island and Fender breached the Contract and (2) Fender was liable for negligent misrepresentation and breach of contract accompanied by a fraudulent act. Accordingly, we reversed the award of attorney's fees to Lady Beaufort and Tideland Realty. Based on our reversal of the award of attorney's fees to Lady Beaufort and Tideland Realty, we dismiss this appeal as moot. Any decision we could make would have no "practical legal effect" because Lady Beaufort and Tideland Realty are owed no attorney's fees and any opinion we render as to the bond will not affect this outcome. *See Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("Generally, this Court only considers cases presenting a justiciable controversy."); *id.* ("A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical, or abstract."); *id.* at 26, 630 S.E.2d at 477 ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."); *id.* ("If there is no actual controversy, this Court will not decide moot or academic questions.").

**DISMISSED AS MOOT.**

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**