**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Allen Livingston, Respondent,

v.

Harold Simmons, Appellant.

Appellate Case No. 2016-001201

---

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

---

Unpublished Opinion No. 2022-UP-343
Submitted August 11, 2022 – Filed August 17, 2022

---

**AFFIRMED**

---

Harold Simmons, of North Charleston, pro se.

Allen Livingston, of Ravenel, pro se.

---

**PER CURIAM:** Harold Simmons appeals an order from a master-in-equity finding Allen Livingston was entitled to foreclosure of the installment sales contract pertaining to real property. On appeal, Simmons argues the master erred by (1) "ruling on the denied jury trial, change of venue, and counterclaim"; (2) "ruling on the order of the master's sale on the foreclosure of the installment sales contract"; (3) "ignoring and non acceptance of the prior judge order of the amortization report and proceeding according to the report ordered by Judge

Nicholson"; (4) "ignoring and non acceptance of the prior judge order of the back taxes being paid out of the excess overage payments that was received"; (5) "ruling based on an order signed by a judge where there was no hearing and no notice of hearing given to [Simmons]"; (6) "ignoring the perjury [of Livingston's] legal counsel concerning a hearing that was not held with [Simmons's] presence or being properly notified"; and (7) "ignoring the falsification of documents and rewriting of contract by [Livingston] that was stated in the order from [Judge] Nicholson." We affirm pursuant to Rule 220(b), SCACR.

As to issue one, we find this issue not preserved for appellate review because no arguments pertaining to the mode of trial, venue, or counterclaims were raised during the December 2014 hearing or ruled on in the April 2015 order. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

As to issue two, whether an order of foreclosure was warranted is now moot because Simmons has since paid all sums due and owing under the installment sales contract and the master issued a Master's Deed conveying the subject property to Simmons. *See Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("Generally, this [c]ourt only considers cases presenting a justiciable controversy."); *id.* at 26, 630 S.E.2d at 477 ("A moot case exists whe[n] a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."); *Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001) ("[A]n appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review."); *Sloan*, 369 S.C. at 27, 630 S.E.2d at 478 ("However, the action must be one [that] will truly evade review [for the mootness exception to apply].").

As to issues three, six, and seven, these issues are not preserved for appellate review because no arguments regarding the master's failure to consider an amortization report or perjury or falsification were raised to or ruled on by the master. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

As to issue four, to the extent Simmons contends the master ignored the February 2013 order regarding back taxes, this argument is not preserved for appellate review because it was not raised to or ruled upon by the master. *See Wilder Corp.*,

330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). To the extent Simmons argues it was error for the master to order foreclosure based on property taxes he owed, this argument is moot because Simmons has since paid all sums due and owing under the installment sales contract and the master issued a Master's Deed conveying the subject property to Simmons. *See Sloan*, 369 S.C. at 25, 630 S.E.2d at 477 ("Generally, this [c]ourt only considers cases presenting a justiciable controversy."); *id.* at 26, 630 S.E.2d at 477 ("A moot case exists whe[n] a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court.").

As to issue five, this issue is not properly before this court because the order at issue was not timely appealed. *See* Rule 203(b)(1), SCACR (providing a notice of appeal from the court of common pleas shall be served on all respondents within thirty days after receipt of written notice of entry of the order or judgment).

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.