**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eighteen Ink, LLC d/b/a Group Therapy, Respondent,

v.

South Carolina Department of Revenue, Respondent,

and

Thomas R. Gottshall, April C. Lucas, and Michael Drennan, Intervenors, Appellants.

Appellate Case No. 2020-000837

———————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————

Unpublished Opinion No. 2023-UP-288
Submitted June 1, 2023 – Filed August 9, 2023

———————

**DISMISSED**

———————

Richard A. Harpootlian, of Richard A. Harpootlian, PA, of Columbia; and Christopher P. Kenney, of Chris Kenney Law, of Columbia, both for Appellants.

John R. Alphin, Bakari T. Sellers, and Matthew B. Robins, all of Strom Law Firm, LLC, of Columbia; and Whitney Boykin Harrison, of McGowan Hood Felder &

Phillips, of Columbia, all for Respondent Eighteen Ink, LLC.

Jason Phillip Luther and Patrick Alan McCabe, of Columbia, for Respondent South Carolina Department of Revenue.

---

**PER CURIAM:**  Thomas R. Gottshall, April C. Lucas, and Michael Drennan (collectively, Appellants) appeal the Administrative Law Court's (the ALC's) final order directing the South Carolina Department of Revenue (DOR) to issue Eighteen Ink, LLC d/b/a Group Therapy (Group Therapy) an on-premises beer and wine permit and restaurant liquor by the drink license.  Appellants argue the ALC (1) erroneously excluded and ignored the burden to law enforcement and other alcohol-related harms flowing directly from Group Therapy and (2) should have considered evidence showing Group Therapy was not primarily and substantially engaged in the service of meals in determining whether Group Therapy was eligible to obtain a restaurant liquor by the drink license.  We dismiss Appellants' appeal as moot.

We find Appellants' appeal is moot because after the filing of this appeal, DOR issued Group Therapy on-premises beer and wine permits and restaurant liquor by the drink licenses for the two-year periods from 2020 to 2022 and 2022 to 2024. On May 15, 2023, Group Therapy filed a motion for judicial notice and to supplement the record on appeal with this court.  Attached to the motion were documents and court filings pertaining to Group Therapy's 2020–2022 and 2022–2024 permits and licenses.  With regard to Group Therapy's 2020–2022 permit and license, DOR initially denied Group Therapy's application due to public protest and its determination that Group Therapy did not have a reputation for peace and good order in the community.  Thereafter, Group Therapy filed a request for a contested case hearing with the ALC.  Prior to the scheduled hearing, Group Therapy and DOR reached a settlement agreement and the protestants withdrew their protest.  Pursuant to the settlement agreement, DOR would renew Group Therapy's on-premises beer and wine permit and restaurant liquor by the drink license subject to certain restrictions and conditions.  The parties filed a Consent Motion for Issuance of Permit and License with Restrictions, which the ALC granted by final order dated September 21, 2021.  On August 22, 2022, DOR issued Group Therapy an on-premises beer and wine permit and restaurant liquor by the drink license for the two-year period from 2022 to 2024.  Group Therapy

stated in its motion—to which Appellants did not file a return—that the permit and license were issued without protest.

Based on the foregoing, we find Group Therapy's 2018–2020 permit and license at issue in this appeal are no longer in effect because Appellants' and DOR's challenge to Group Therapy's 2020–2022 renewal application has ended and Group Therapy is currently operating under its 2022–2024 license and permit. *See* S.C. Code Ann. § 1-23-370(b) (2005) ("When a licensee has made timely and sufficient application for the renewal of a license or a new license with reference to any activity of a continuing nature, the existing license does not expire until the application has been finally determined by the agency, and, in case the application is denied or the terms of the new license limited, until the last day for seeking review of the agency order or a later date fixed by order of the reviewing court."). Because the 2018–2020 permit and license at issue in this appeal are no longer in effect, we find this appeal is now moot and does not meet any of the exceptions to the mootness doctrine. *See Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical, or abstract."); *id.* at 26, 630 S.E.2d at 477 ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."); *Sloan v. Greenville County*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) (holding there are three exceptions to the mootness doctrine: (1) "if the issue raised is capable of repetition but generally will evade review, the appellate court can take jurisdiction"; (2) "an appellate court *may* decide questions of imperative and manifest urgency to establish a rule for future conduct in matters of important public interest"; and (3) "if a decision by the trial court may affect future events, or have collateral consequences for the parties, an appeal from that decision is not moot, even though the appellate court cannot give effective relief in the present case" (quoting *Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001))); *id.* ("The utilization of an exception under the mootness doctrine is flexible and discretionary pursuant to South Carolina jurisprudence, not a mechanical rule that is automatically invoked."); *Springob v. Farrar*, 334 S.C. 585, 592, 514 S.E.2d 135, 139 (Ct. App. 1999) (declining to issue an advisory opinion addressing a legal issue that was purely academic); *see also Sangamo Weston, Inc. v. Nat'l Sur. Corp.*, 307 S.C. 143, 148, 414 S.E.2d 127, 130 (1992) ("[An appellate] court will not issue advisory opinions and cannot alter precedent based on questions presented in the abstract.").

Accordingly, Appellants' appeal is

**DISMISSED.**[1]

**VINSON and VERDIN, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.