**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gregory Muxlow and Charlotte Muxlow, Appellants,

v.

Scottsdale Insurance Company, South Wind Ranch Holdings, LLC, Ronald Hakala, and Ashley Black, Respondents.

Appellate Case No. 2022-000576

———————

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-273
Submitted April 1, 2024 – Filed July 24, 2024

———————

**APPEAL DISMISSED**

———————

Helena LeeAnn Jedziniak and Joshua Thomas Hawkins, both of Hawkins & Jedziniak, LLC, of Greenville, for Appellants.

Kenneth Jay Anthony, of Anthony Law, LLC, of Greenville, for Respondents South Wind Ranch Holdings, LLC, Ronald Hakala, and Ashley Black.

Harriet Condon O'Malley and Jordyn Nicole D'Andrea, both of Womble Bond Dickinson (US) LLP, and Pamela

Jean Larson, of Barnwell Whaley Patterson & Helms, LLC, all of Charleston, for Respondent Scottsdale Insurance Company.

———————

**PER CURIAM:** We dismiss this appeal as moot because of this court's affirmance of summary judgment in the underlying action: *See Graham v. State Farm Mut. Auto. Ins. Co.*, 319 S.C. 69, 71, 459 S.E.2d 844, 845 (1995) ("To state a cause of action under the Declaratory Judgments Act, a party must demonstrate a justiciable controversy."); *Holden v. Cribb*, 349 S.C. 132, 137, 561 S.E.2d 634, 637 (Ct. App. 2002) ("The concept of justiciability encompasses the doctrines of ripeness, mootness, and standing."); *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical, or abstract."); *id.* at 26, 630 S.E.2d at 477 ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an *intervening event* renders any grant of effectual relief impossible for the reviewing court." (emphasis added)); *id.* ("If there is no actual controversy, [the appellate court] will not decide moot or academic questions."); *Wienands v. S. Wind Ranch*, Op. No. 2024-UP-130 (S.C. Ct. App. filed Apr. 24, 2024) (per curiam) (unpublished opinion) (affirming the circuit court's grant of respondents' motion for summary judgment).

**APPEAL DISMISSED.**[1]

**WILLIAMS, C.J., and KONDUROS and HEWITT, JJ., concur.**

———————

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.