**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Interest of Khalid J., a Juvenile Under the Age of Seventeen.

Appellate Case No. 2022-000413

---

Appeal From York County
David G. Guyton, Family Court Judge

---

Unpublished Opinion No. 2025-UP-155
Heard February 11, 2025 – Filed May 7, 2025

---

**APPEAL DISMISSED**

---

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

---

**PER CURIAM:** Khalid J. appeals the family court's order requiring him to register as a sex offender. Khalid argues the family court erred because he was not statutorily required to register and the State failed to establish good cause to support imposing registry. We dismiss this appeal as moot.

We hold the issues before the court are moot because South Carolina's newly-amended Sex Offender Registry Act (SORA) does not require Khalid, a juvenile, to register as a sex offender. *See Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."); 2022 S.C. Acts 221, § 8 (providing the new act "is retroactive and [applies] to any resident of this State who currently is required to register as a sex offender pursuant to the provisions of Article 7, Chapter 3, Title 23"). The amended SORA includes section 23-3-436, which governs the placement of juvenile offenders on the registry. *See* S.C. Code Ann. § 23-3-436(B) (2025) ("A child who is fourteen years of age or older and has been adjudicated delinquent of any other offense listed in [s]ection 23-3-430(C) [of the South Carolina Code (2025)] may be required, in the discretion of the family court, to register in accordance with this article."). Khalid was adjudicated delinquent after a guilty plea to one count of third-degree violation of the Computer Crimes Act, seven counts of blackmail or extortion, and one count of breach of peace of a high and aggravated nature reduced from second-degree sexual exploitation of a minor. None of these offenses are listed in section 23-3-430(C) of the South Carolina Code. *See* S.C. Code Ann. § 23-3-430(C) (enumerating specific offenses that "must" and "may" require registry).

Section 23-3-430(C)(l) of the amended SORA provides that in addition to the enumerated offenses of section 23-3-430(C), registry may be imposed for "any other offense as described in [s]ection 23-3-430(D)" of the South Carolina Code (2025). S.C. Code Ann. § 23-3-430(C)(1)(i). Under the plain language of section 23-3-436(B), section 23-3-430(D) is distinct from "any other offense listed in [s]ection 23-3-430(C)," and includes a separate test of "good cause" for determining whether registry should be required as opposed to the new test outlined in the juvenile offender statute, which sets forth its own guidelines for the family court to utilize in its determination of whether a juvenile offender should be required to register as a sex offender. *See* § 23-3-436(B) ("A child who is fourteen years of age or older and has been adjudicated delinquent of any other offense listed in [s]ection 23-3-430(C) [of the South Carolina Code (2025)] may be required, in the discretion of the family court, to register in accordance with this article."); S.C. Code Ann. § 23-3-430(D) ("Upon conviction, guilty plea, or plea of nolo contendere of a person of an offense not listed in this article, the presiding judge may order as a condition of sentencing that the person be included in the sex offender registry if good cause is shown by the prosecution."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain

and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."); *Creswick v. Univ. of S.C.*, 434 S.C. 77, 81-82, 862 S.E.2d 706, 708 (2021) ("Under the plain meaning rule, this [c]ourt has no right to search for or impose another meaning or resort to subtle or forced construction to change the scope of a clear and unambiguous statute."). We find the argument that section 23-3-436(B) intended to include section 23-3-430(D) due to its reference in section 23-3-430(C)(1)(i) to be unconvincing; beyond contradicting the plain language of the statute, to construe section 23-3-436(B) in such a way to permit registry for any possible offense at the family court's discretion would render the limiting language, "any other offense listed in [s]ection 23-3-430(C)," superfluous. *See CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) (explaining a statute should be read "as a whole and in a manner consonant and in harmony with its purpose" and such "that no word, clause, sentence, provision[,] or part shall be rendered surplusage, or superfluous" (quoting *State v. Sweat*, 379 S.C. 367, 377, 665 S.E.2d, 645, 651 (Ct. App. 2008))). Further, under section 23-3-430(D), "the presiding judge *may* order registry *if* good cause is shown by the solicitor." (emphases added). Here, the solicitor did not attempt to show good cause, noted the attending physician's recommendation that sex offender registration not be required, and left registering "in [the court's] discretion." Our finding as to the applicability of section 23-3-430 of the South Carolina Code (2025) is purely one of statutory interpretation and does not comment on the nature of Khalid's offenses, which were reprehensible.

**APPEAL DISMISSED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**